Robin **AKINS**, et al.,
Plaintiffs–Appellants,

v.

**BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES, et al., Defendants–Appellees.**

No. 87–1961.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 12, 1987.

Decided March 4, 1988.

Vacated and Remanded by the United States Supreme Court Oct. 31, 1988.

Decision on Remand Jan. 30, 1989.

James B. Dykehouse, Witwer, Burlage, Poltrock & Giampietro, Chicago, Ill., for plaintiffs-appellants.

Mark T. Dunn, Dunn, Goebel, Ulbrich, Morel & Hundman, Bloomington, Ill., for defendants-appellees.

Before BAUER, Chief Judge, and RIPPLE and MANION, Circuit Judges.

RIPPLE, Circuit Judge.

This case is before the court on remand from the Supreme Court of the United States. ── U.S. ──, 109 S.Ct. 299, 102 L.Ed.2d 319. We have been directed to reconsider our earlier judgment in light of the Supreme Court's intervening decision in *Torres v. Oakland Scavenger Co.*, ── U.S. ──, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). We dismiss the appeal with respect to all individuals except Robin Akins, the person actually named in the notice of appeal. With respect to Ms. Akins, our original decision is reinstated in all other respects and the judgment of the district court is affirmed in part and reversed in part.

The issue before us is the adequacy of the notice of appeal. In our earlier deci-sion, we described and ruled on the situation as follows:

> The notice of appeal filed in this case lists the appellants in the caption as "ROBIN AKINS, et. al." However, the text continues: "Notice is hereby given that ROBIN AKINS, the plaintiff named above, hereby appeals...." R.30 at 1. The defendants note that Fed.R.App.P. 3(c) requires that the "notice of appeal shall specify the party *or parties* taking the appeal. ..." (emphasis supplied). This circuit has held that "notices of appeal are entitled to a liberal construction where the intent of the appellant is apparent and the adverse party is not prejudiced." *Scherer v. Kelly*, 584 F.2d 170, 174 (7th Cir.1978), *cert. denied*, 440 U.S. 964, 99 S.Ct. 1511, 59 L.Ed.2d 778 (1979). While we think the question is a close one and the practice followed here is not to be repeated, we believe this notice was marginally adequate. Throughout the litigation in the district court, the plaintiffs had been represented by the same attorney and had presented precisely the same contentions. The facts and law applying to each were the same. Moreover, the defendants make no representation of surprise or preju-dice. *See Ayres v. Sears, Roebuck & Co.*, 789 F.2d 1173, 1177 (5th Cir.1986); *see also Brubaker v. Board of Educ.*, 502 F.2d 973, 983 n. 4 (7th Cir.1974), *cert. denied*, 421 U.S. 965, 95 S.Ct. 1953, 44 L.Ed.2d 451 (1975).

840 F.2d 1371, 1371–72 n. 1.

In *Torres*, the Supreme Court addressed the same situation as follows:

> Petitioner urges that the use of "et al." in the notice of appeal was sufficient to indicate his intention to appeal. We cannot agree. The purpose of the speci-ficity requirement of Rule 3(c) is to pro-vide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al.," which literally means "and others," utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to deter-mine with certitude whether a losing par-ty not named in the notice of appeal

should be bound by an adverse judgment or held liable for costs or sanctions. The specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal.

108 S.Ct. at 2409.

The situation before us is therefore controlled directly by the holding in *Torres*. Only the appeal of Ms. Akins is properly before us. Our judgment can extend therefore only to her.

Finally, we note that we see no impediment to applying the holding of *Torres* to cases pending at the time of the Supreme Court's decision. Indeed, we have already done so. *See Rogers v. National Union Fire Ins. Co.*, 864 F.2d 557, 559–60 (7th Cir.1988); *Allen Archery, Inc. v. Precision Shooting Equip.*, 857 F.2d 1176, 1176–77 (7th Cir.1988) (per curiam); *Hays v. Sony Corp.*, 847 F.2d 412, 420 (7th Cir.1988); *see also Chambers v. Ingram*, 858 F.2d 351, 354 n. 3 (7th Cir.1988); *Brandt v. Schal Assocs.*, 854 F.2d 948, 954–55 (7th Cir.1988). The criteria set forth by the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) certainly do not require prospective application only. The Supreme Court's decision in *Torres* did not establish a new rule of law; it clarified an ambiguity. Indeed, the Court specifically noted that it was resolving a conflict among the circuits. Moreover, we noted in our earlier opinion that the question was "a close one." 840 F.2d at 1372 n. 1. We also do not believe that the equities require only prospective application. As we noted in our earlier opinion, the practice followed here was "not to be repeated" and the notice was "marginally adequate." *Id.*

Accordingly, the appeal is dismissed with respect to all individuals except Robin Akins. With respect to Ms. Akins, our original decision is reinstated in all other respects and the judgment of the district court is affirmed in part and reversed in part.

IT IS SO ORDERED.