Steven HILL, Plaintiff–Appellant,

v.

William SHELANDER, Defendant–Appellee.

No. 90–1363.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 7, 1990.

Decided Feb. 12, 1991.

Rehearing and Rehearing En Banc Denied March 26, 1991.

Marcia F. Straub, Peoria, Ill., for plaintiff-appellant.

John E. Cassidy, III, Cassidy & Mueller, Peoria, Ill. and Stewart J. Umholtz, Office of the State's Atty., Tazewell County, Pekin, Ill., for defendant-appellee.

Before CUMMINGS and COFFEY, Circuit Judges, and GORDON, Senior District Judge.[*]

CUMMINGS, Circuit Judge.

Steven Hill, the plaintiff in this Section 1983 action, seeks damages for injuries inflicted upon him by Sergeant William Shelander, a jail guard. Hill appeals from a grant of summary judgment in defendant's favor. On December 14, 1983, Hill was imprisoned in Tazewell County Jail in Illinois awaiting his sentence following a conviction for burglary. Shelander got into an argument with Hill, who opposed the relocation of another prisoner, and demanded that Hill emerge from his cell. Hill refused to come out. According to Hill's allegations, construed in his favor on this review of a grant of summary judgment by the district court, the following occurred. Shelander reached into the cell and placed his hand on Hill's shoulder; Hill removed the Sergeant's hand. Shelander responded to Hill's rebuff by grabbing Hill again by his shoulder and shirt, this time forcibly pulling Hill from his cellblock. Thinking that he might lose his hold on Hill, Shelander yanked Hill by his hair and then slammed Hill's head into the metal bars of the cell across from his own.

Hill sustained an injury to the back of his head, and Shelander inflicted further indignities upon the prisoner. Shelander hit Hill two more times, bruising his face and causing additional injury to Hill's head. For the final blow, Shelander kicked Hill in the testicles. After the beating, Hill was escorted to solitary confinement. As a result of Shelander's corporal punishment, Hill has suffered from severe headaches that continued well past the time of the incident.

Hill claimed in his lawsuit that Sergeant Shelander violated his Eighth Amendment constitutional right to remain free of "cruel and unusual punishment" and filed suit against Shelander under 42 U.S.C. §§ 1983 and 1988. Hill prayed for relief of $250,000 in compensatory damages and another $250,000 in punitive damages. He filed his first complaint *pro se*. For purposes of determining § 1983 liability, Hill's first complaint did not name Shelander in either his individual or official capacity. Hill later received court-appointed counsel, who filed first and second amended complaints naming Shelander in his official capacity. Sometime later, Hill's court-appointed counsel withdrew, resulting in the assignment of another lawyer to Hill's case. Hill's second lawyer recognized the technical error in the plaintiff's second amended complaint and tried to amend it to reflect the proper capacity in which Shelander was to be sued.

On September 25, 1989, the district court granted plaintiff's oral motion to sue defendant in his individual rather than in his official capacity, and accordingly on October 10 plaintiff filed an amendment to his second amended complaint to that effect. Afterwards defendant filed a motion for summary judgment, claiming that the statute of limitations on the underlying tort action had run, thus preventing Hill from amending his claim to name the defendant in his individual capacity.

In his response to Shelander's motion, Hill denied that his claim was time-barred, because the claim fell within the scope of Rule 15(c) of the Federal Rules of Civil Procedure. In pertinent part, Rule 15(c) of the Federal Rules of Civil Procedure provides as follows:

> An amendment changing the party against whom a claim is asserted relates back if * * * the party to be brought in by amendment * * * (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The district court granted defendant's motion for summary judgment. In an oral opinion Judge Mihm stated:

> Since I find that the change here from official capacity to individual capacity is the same as—is, in effect, a change of

---

[*] The Honorable Myron L. Gordon, Senior District Judge for the Eastern District of Wisconsin, is sitting by designation.

party and consequently the last sentence of 15(c) applies and since I cannot characterize this as a mistake, then it cannot relate back. (P. 12 of oral opinion of January 12, 1990).

The parties agree that the suit was controlled by the Illinois five-year statute of limitations for civil tort actions. Ill.Rev. Stat. (1989) ch. 110, ¶ 13–205.[1] However, Hill asserts the statute of limitations poses no bar to his claim, because his amendment as to capacity relates back to the original filing of the complaint, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. We agree and, for the following reasons, reverse the determination of the trial court and remand for further proceedings.

## *Discussion*

### I. The § 1983 Action

This is a case of first impression in this Court. We must explore the meaning of two complex provisions—Rule 15(c) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1983. The question squarely before this Court is whether the plaintiff's decision to amend his complaint against Sergeant Shelander from an official capacity suit to an individual capacity suit constitutes a change of party within the meaning of Rule 15(c) so that the claim is not barred by the expiration of the statute of limitations.

Resolving this question requires us to probe the meaning and purpose underlying both the relation-back provision of Rule 15(c) and the identification of defendants in a civil rights suit under Section 1983. As both provisions are tailored to provide recourse for the legal claims of litigants, this Court must determine whether Hill's action falls under the protective shield of both provisions.

■ Plaintiff's underlying claim of civil rights deprivation is for the unconstitutional use of excessive force against him in violation of the Eighth Amendment right to be free of cruel and unusual punishment.

Section 1983 provides a cause of action for deprivation of constitutional rights "under color of state law." As a prerequisite of such a Section 1983 suit, however, a civil rights plaintiff must specify whether suit is brought against the defendant in his official capacity or in his individual capacity. This is not an insignificant distinction. As characterized by the Supreme Court, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. * * * Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Whereas in an official capacity suit the plaintiff alleges that the defendant was party to the execution or implementation of official policy or conduct by a government because the real party in interest is the entity, an individual capacity suit focuses on the constitutional torts of an individual official. To establish *personal* liability in a Section 1983 action, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105. However, that showing is not enough for an official capacity suit, where the action alleged to be under color must be linked with the entity's policy or custom. *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105; *see also Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. Department of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

The distinction between an individual and official capacity suit determines both the source and nature of the damages award. As the Supreme Court wrote in *Graham*, "it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity. A victory in a personal-capacity action is a victory

---

1. *See Bieneman v. City of Chicago*, 864 F.2d 463, 469–470 (7th Cir.1988), *certiorari denied*, 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989), for a discussion of the applicable Illinois statute of limitations in Section 1983 actions.

against the individual defendant, rather than against the entity that employs him." *Graham*, 473 U.S. at 167–168, 105 S.Ct. at 3105–3107; *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir.1986). Thus a plaintiff is typically precluded from recovering punitive damages in an official capacity suit absent a waiver of such immunity by federal or state law. *Kolar v. County of Sangamon*, 756 F.2d 564, 567 (7th Cir.1985). Punitive damages may be recovered in an individual capacity suit "under the traditional bad faith standard," *Kolar*, 756 F.2d at 567 (citing *Hutto v. Finney*, 437 U.S. 678, 700, 98 S.Ct. 2565, 2578, 57 L.Ed.2d 522 (1978)), and are recoverable against a governmental official acting in his individual capacity where the officer acts under color of state law and in bad faith. We had occasion to clarify the availability of punitive damages under § 1983 in *Kolar* because the initial complaint in that suit failed to specify whether Kolar sued the defendant in his official or individual capacity. We reviewed the contents of the complaint and concluded that the suit against the defendant was an official capacity suit, and that the County was therefore liable for attorney's fees and costs. *Id.* at 568.

The dissent attempts to turn our decision in *Kolar* against us, accusing its author (who also writes here for the Court) of jurisprudential inconsistency. The dissent siphons from *Kolar* the following rule—that a § 1983 action that fails to designate the defendant in his official or individual capacity shall be presumed to be against him in his official capacity. As support for this position, the dissent points to the fact that Hill's *pro se* complaint names "Sgt. Shelander" as the defendant. For this reason, then, the dissent believes that the suit, without further clarification, must be construed as an official capacity suit. The dissent's interpretation of the complaint places the plaintiff in the chokehold of restrictive, overly technical pleading requirements. Hill filed his original complaint *pro se*. It is typed onto a standard form that, aside from the caption, contains no other indicia of Shelander's official position. For Hill to have referred to the defendant in his

complaint as "Sgt. Shelander" is hardly surprising nor is it dispositive. It is unlikely that in including Shelander's position in the caption, Hill contemplated the nuances of § 1983 liability. It is also unlikely that Hill and Shelander were on a first-name basis, so that Hill would have thought to caption his complaint "William Shelander" when he filed his suit.

■ As for *Kolar*, it was clear from the complaint in that case that the defendant was being sued in his official capacity only in part because the complaint refers explicitly to the full, official title of the defendant at various points as "Defendant, Sheriff of Sangamon County." *Id.* at 568. But that was not all that persuaded us to treat the complaint in that case as an official capacity suit. It was also eminently clear in *Kolar* that "the conduct described in the complaint relates solely to the Sheriff's authority or duty to appoint and promote employees." *Id.* Such allegations clearly establish that it is the defendant's actions in his official capacity that form the basis for the constitutional deprivation which is alleged in that complaint. This recognition is indispensable to our conclusion that "where a complaint alleges that the *conduct of a public official* acting under color of state law gives rise to liability under Section 1983, we will ordinarily assume that he has been sued in his official capacity and only in that capacity." *Id.* (emphasis supplied). The point is not that an official capacity suit is to be presumed any time that the complaint fails to explicate clearly the capacity in which the defendant is to be sued. On the contrary, *Kolar* stands for the proposition that an official capacity suit will be presumed when the indicia of an official policy or custom are present in the complaint. *See also Holly v. City of Naperville*, 571 F.Supp. 668, 673 (N.D.Ill.1983) (assuming that defendants were sued in their official capacities where the unconstitutional conduct alleged was taken "pursuant to official City law, practices, policies and customs").

This sensible approach to reading a complaint so that suits may be maintained regardless of technical pleading errors finds

further support in this Circuit in *Akins v. Board of Governors of State Colleges and Univs.*, 840 F.2d 1371 (7th Cir.1988), vacated, 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319, on remand, 867 F.2d 972 (7th Cir.1988) (original decision reinstated as to name plaintiff). In *Akins*, the Court, without dissent, reversed a district court's decision that the plaintiffs' prayer for injunctive relief could not be sustained because the complaint named the officials in their individual capacity, and injunctive relief may only be recovered from public officials acting in their official capacities. Upon review, this Court reinstated the plaintiffs' claim for injunctive relief. Recognizing that the plaintiffs' pleadings stated explicitly that they sued the "defendant state officials in their individual capacities and not in their official capacities," *id.* at 1377, the Court went on to say:

> We have reviewed the record carefully and must respectfully differ with the district court as to whether the plaintiffs abandoned their claim for injunctive relief against the defendants in their official capacities. When the plaintiffs' [response] is read *in its entirety*, it is quite clear that they continued to press such a claim for injunctive relief.

*Id.* (emphasis supplied). The Court then quoted several instances in the pleadings that expressed the plaintiffs' desire to press forward with their official capacity suit.

▮ Similarly, Hill's complaint when "read in its entirety" plainly shows that an individual capacity suit was intended. As injunctive relief against a state official may be recovered only in an official capacity suit, so may punitive damages be recovered against a government actor only in an individual capacity suit. In addition to the

relief requested, the unconstitutional conduct alleged involves Shelander's individual actions and nowhere alludes to an official policy or custom that would shield him from individual culpability.

▮ The reasoning of *Kolar* and *Akins* thus suggests a corollary—namely, that in a suit where the complaint alleges the tortious conduct of an individual acting under color of state law, an individual capacity suit plainly lies, even if the plaintiff failed to spell out the defendant's capacity in the complaint. Just as this Court looked in *Kolar* and *Akins* at the nature of the conduct alleged, it must do the same here. This case does not depart from *Kolar* and *Akins*, but instead builds logically upon the reasoning set forth therein.

## II. Application of Rule 15(c)

The incident in question occurred on December 14, 1983, so that the five-year statute of limitations for a tort action under Illinois law expired on December 14, 1988. Rule 15(c) provides the sole recourse for Hill to bring his § 1983 claim against Shelander in his individual capacity. Hill attempted to amend his complaint to change the suit to an individual capacity suit nine months after the statute of limitations ran. Unless Hill's claim relates back to the date of the original complaint within the meaning of Rule 15(c), it is time-barred.

Rule 15(c) was designed to protect a plaintiff who names a party mistakenly and then discovers the proper party's identity after the statute of limitations has run. See Advisory Committee Notes to 1966 Amendment of Rule 15(c), Fed.R.Civ.P. 15(c), reprinted at 28 U.S.C.A. Rule 15.[2]

---

**2.** Under proposed amendments to Rule 15(c), due to take effect on December 1, 1991, upon the approval of Congress, defendant's counsel would not have even a colorable basis for claiming that the change in capacity does not relate back. See *Proposed Amendments to the Federal Rules of Civil Procedure*, 110 S.Ct. at 309–312 (hereinafter Proposed Rules). According to the Advisory Committee Note, "[t]he rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sus-

tain a limitations defense." The currently proposed revision of Rule 15(c) specifically permits relation back when the amendment "changes the party or the name of the party," *id.* at 310. Plainly, the new language comprehends a situation where the *original complaint sues the correct party* but identifies him by a technically incorrect name. This is our case. The party, William Shelander, has been properly identified. However, he has been incorrectly named in the amended pleadings in his official capacity rather than in his individual capacity.

Consistent with the purpose of the Rules of Civil Procedure, the Supreme Court has recognized that Rule 15(c) "should * * * serve as [a] useful guide[ ] to help, not hinder, persons who have a legal right to bring their problems before the courts." *Schiavone v. Fortune,* 477 U.S. 21, 27, 106 S.Ct. 2379, 2383, 91 L.Ed.2d 18 (1986) (citation omitted). Although the Court in *Schiavone* read 15(c) to bar a claim where the proper defendant did not receive notice of the suit within the limitations period, the decision gives broad effect to 15(c), recognizing its "worthy goals" and that "the spirit and inclination of the rules favored decisions on the merits and rejected an approach that pleading is a game of skill in which one misstep may be decisive." *Schiavone,* 477 U.S. at 27, 106 S.Ct. at 2383. Because Shelander obviously had notice of the suit within the limitations period, the specific outcome of *Schiavone* does not control here.[3] The dissent wholly fails to recognize this important point, for there is no dispute in this case whether Shelander had notice of the suit. He clearly did have notice since he was named by the plaintiff in the original complaint. Obviously when the same person is named in the original and amended complaints, notice within the limitations period is not a problem, so that the rule of *Schiavone* does not apply. In *Schiavone,* the "linchpin is notice," *id.* at 31, 106 S.Ct. at 2385, whereas in this case notice poses no bar to Hill's suit. The dissent's division of the world into pre- and post-*Schiavone* is therefore inappropriate, for *Schiavone* is a case about notice in the context of Rule 15(c). The decision is not, as the dissent seems to think, an across-the-board narrowing of Rule 15(c) that would dictate the outcome in this case. Even with *Schiavone* still on the books, the Supreme Court's reading of Rule 15(c), along with numerous lower court decisions, recognizes that legitimate legal claims may not be squelched when a party mistakenly identifies a party to be sued within the meaning of Rule 15(c).

■ In this case the original complaint filed *pro se* named Shelander as the defendant without elaboration. While plaintiff *pro se* sued Shelander without designating official or individual capacity, it was clear from the allegations concerning the physical injuries inflicted on Hill by Shelander that Hill intended to sue him as an individual. However, the first amended complaint and the second amended complaint, while acknowledging Shelander's personal involvement in the incident, named him officially rather than individually. Hill's first court-appointed counsel named Shelander in his official capacity without alleging a theory sufficient to support official capacity liability. Hill's second court-appointed counsel recognized official capacity to be a mistake and therefore filed the amendment to her predecessor's second amended complaint changing the capacity in which Shelander was sued. However, the defendant moved for summary judgment against the plaintiff, claiming that the statute of limitations barred a change in capacity. The district judge agreed, reasoning that Rule 15(c) was inapplicable because the amendment effected a change in party that did not satisfy the requirements of the Rule. He found that plaintiff's decision to name Shelander in his official capacity was intentional and not mistaken, such that relation back was not permitted. Plaintiff's new counsel, on the other hand, realized that naming Shelander in his official capacity was a mistake and attempted to rectify it.

In considering whether an amendment to a complaint relates back to the date of the original filing, this Court recognizes the underlying spirit and purpose of the rela-

---

**3.** The Proposed Rules would effectively change the result in *Schiavone,* a decision that has been the target of frequent criticism. See, *e.g.,* Joseph P. Bauer, Schiavone: *An Un–Fortune–ate Illustration of the Supreme Court's Role as Interpreter of the Federal Rules of Civil Procedure,* 63 Notre Dame L.Rev. 720 (1988); Robert D. Brussack, *Outrageous Fortune: The Case For Amending Rule 15(c) Again,* 61 S.Cal.L.Rev. 671 (1988).

Recognizing that the decision is "inconsistent with the liberal pleading practices secured by Rule 8," the proposed change would permit amendment of a complaint to correct a formal defect in identifying the party so long as notice takes place within the period allowed for service of a summons. Proposed Rules, 110 S.Ct. at 311–312.

tion-back doctrine. As this Circuit has stated previously, "[i]t is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. * * * To this end, amendments pursuant to Rule 15(c) should be freely allowed." *Staren v. American Nat'l Bank & Trust Co.,* 529 F.2d 1257 (7th Cir.1976) (citation omitted).

In *Wood v. Worachek,* 618 F.2d 1225 (7th Cir.1980), we discussed the application of Rule 15(c) as follows:

A plaintiff may usually amend his complaint under Rule 15(c) to change the theory or statute under which recovery is sought; or to correct a misnomer of plaintiff where the proper party plaintiff is in court; *or to change the capacity in which the plaintiff sues;* or to substitute or add as plaintiff the real party interest; or to add additional plaintiffs where the action, as originally brought, was a class action. *Aarhus Oliefabrik, A/S v. A.O. Smith Corp.,* 22 F.R.D. 33, 36 (E.D.Wis.1958) (and cases cited therein). *Thus, amendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued.* But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run. *Id.*

Rule 15(c) expressly conditions the relation back of an amendment changing the party against whom a claim is asserted upon the existence of three prerequisites. First, the amended claim must arise out of the same occurrence set forth in the original pleading. Second, within the applicable statute of limitations period the purported substitute defendant must have received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits. Third, the purported substitute defendant must have or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Wood,* 618 F.2d at 1229 (emphasis supplied). Although *Wood* did not specifically involve an attempt by a civil rights plaintiff to amend a civil rights complaint from official to individual capacity, we did specifically identify a change in capacity as constituting one type of case where the amended complaint related back to the date of the original complaint. *Id.*[4] Defendant did not even discuss the relevance of this case in his brief although it was relied upon by plaintiff's counsel.

This Court's definition of the scope of Rule 15(c) coincides with the Fifth Circuit's treatment of the issue in two cases. The first, *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980), is particularly instructive for the court permitted a § 1983 plaintiff to amend the capacity in which the defendant was sued. *Kirk* involved a wrongful death claim against the Jefferson Parish Sheriff's Office for its failure to provide prompt ambulance service, proximately causing the death of plaintiff's husband. *Kirk,* 629 F.2d at 405. In her initial complaint plaintiff named the Jefferson County Sheriff's Office. According to the trial court, this was an improper defendant, causing plaintiff to amend her complaint to name the

---

4. The language in *Wood* does not restrict a plaintiff to changing the capacity in which he sues. The point in any case is to avoid prejudice and surprise to the other party by allowing the amendment under Rule 15(c). See also Wright and Miller's treatise on the Federal Rules of Civil Procedure: "An amendment by which plaintiff seeks to change the capacity in which defendant is being sued does not change the parties before the court and will relate back." 6 Wright and Miller, Federal Practice and Procedure, Section 1498 at 514; 3 Moore's Federal Practice ¶ 15.15[4.-1] ("Where plaintiff sought to change the capacity in which the action is brought, or in which defendant is sued, there is no change in the parties before the court, all parties are on notice of the facts out of which the claim arose and relation back was allowed in both the case of the plaintiff and the defendant"); *Travelers Ins. Co. v. Brown,* 338 F.2d 229 (5th Cir.1964). *See also Hampton v. Hanrahan,* 522 F.Supp. 140, 143–145 (N.D.Ill. 1981). Here, unlike *Hampton,* plaintiff's *pro se* complaint did not mistakenly name the defendant in the wrong capacity.

Sheriff individually and in his capacity as Sheriff. *Id.* The Fifth Circuit held that the amendment related back, and that the change in capacity provided adequate notice to the Sheriff. *Id.* at 407. Moreover, since the Sheriff had notice of the suit when it was filed, he had adequate opportunity to consult counsel, so that he was not prejudiced by the plaintiff's original complaint, which did not name the Sheriff in his individual capacity. *Id.*

*Kirk* guides us in several ways. First, the decision affirms that a plaintiff may amend the complaint to change the legal capacity in which a defendant is sued under Rule 15(c). The Rule not only applies to cases in which an entirely different party is named; it also governs cases where the right party is wrongly named in an incorrect capacity. In addition, the court in *Kirk* recognized that the defendant Sheriff was on notice of the suit throughout the entire litigation and had an adequate opportunity to consult his lawyer concerning the claims against him. Therefore, he suffered no prejudice as a result of the court's decision to allow the plaintiff in *Kirk* to amend her complaint. Like *Kirk*, the allegations in this case remained the same throughout the course of the litigation. Shelander knew at all times that the suit against him was for the alleged constitutional injuries he personally inflicted on the plaintiff. Moreover, Shelander had actual notice. Regardless of the capacity in which he was sued, Shelander, like the defendant in *Kirk*, would "have taken steps to investigate the claim, including collecting and preserving evidence against any foreseeable eventuality." *Id.* at 408.

The Fifth Circuit also allowed a plaintiff in a negligence action to amend his complaint to name the defendants as a class as well as individually—a change in legal capacity. *Kerney v. Fort Griffin Fandangle Ass'n,* 624 F.2d 717, 721 (5th Cir.1980). While recognizing that such an amendment did not fall precisely within the terms of Rule 15(c), the court held that "an amendment that merely changes the status of individual defendants to class representatives without changing the ultimate liability sought to be imposed relates back to the date of the original complaint if the named parties will not be prejudiced in maintaining a defense as class representatives because of the delay between the original and amended pleadings." *Kerney,* 624 F.2d at 721.

The same analysis used by the Fifth Circuit in *Kirk* and *Kerney* applies here. All three of the prerequisites of Rule 15(c) have been satisfied. First, Hill's claim against Shelander arose out of the original occurrence and merely changed defendant's capacity—the identity of the defendant remained the same. It would be a bizarre result were this Court to hold that a plaintiff could amend his complaint under Rule 15(c) when he identified the wrong defendant, but could not amend his complaint when the right defendant is named in the wrong capacity. *Glickstein v. Sun Bank/Miami, N.A.,* 922 F.2d 666, 671 (11th Cir.1991). The very purpose underlying relation back is to permit amendments to pleadings when the limitations period has expired, so long as the opposing party is not unduly surprised or prejudiced. A change in capacity greatly reduces the risk that a party will be without notice, because the party itself has already been identified correctly and has received notice. Rule 15(c) is a liberal pleading rule designed to prevent parties from nipping legitimate grievances in the bud by asserting formal objections. To hold that a change in capacity prevents the plaintiff from having his day in court would carve out a restrictive exception to Rule 15(c), inconsistent with its broad purposes. To suggest, as does the dissent, that a mistake in identity should apply only when the wrong party is named is to take a myopic view entirely inconsistent with the spirit of the Rule. Although the dissent fancies itself the guardian of the Rule, it is advocating a grudging approach to Rule 15(c), one which would effectively usurp it.

Second, Shelander knew from the start the nature of the allegations against him and therefore would not be prejudiced in defending the merits. *Watkins v. Lujan,* 922 F.2d 261, 265 (5th Cir.1991). The nature of Hill's claim did not change throughout the litigation; both the factual circumstances and legal gravamen of his complaint remained the same. Indeed, Hill at

no time framed his claim as an official capacity suit. To do so, he would have had to identify an official policy or custom adopted by the county and carried out by Sergeant Shelander in the execution of his official duties. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978).

Hill never alleged the existence of an official policy or custom at any stage of the litigation. Even if Hill's first complaint named Shelander in his official capacity rather than in no capacity at all, it would be entirely consistent with Rule 15(c) to permit relation back. In both his original and amended complaints, Hill claimed compensatory and punitive damages in the amount of $250,000 each for Shelander's use of excessive force against Hill. It should have been quite clear to defendant from the start that plaintiff's lawsuit was against him personally for the injuries he inflicted on Hill and that Hill sought punitive damages because he believed that defendant bore responsibility for using excessive force. Because Hill never even complained of an official policy or custom, Shelander's defense remained the same throughout the litigation. He knew that his individual actions formed the basis of the suit, and that any defense he would mount would necessarily have to refute the plaintiff's allegations against him. Therefore Hill's amendment to his complaint did not prejudice the defendant in asserting his defense to plaintiff's claims. To the extent that defendant could raise a viable defense that Hill had failed even to attempt to satisfy the prerequisites of an official capacity suit, Shelander waited until after the statute of limitations on the action had expired before making this the basis for his motion for summary judgment.

We reiterate that whether the suit was against him in his official or individual capacity, Sergeant Shelander always knew that the lawsuit was being brought against him. The district court recognized that presumably for strategic advantage, Shelander's lawyer deliberately decided not to raise the capacity question until shortly before trial (see district court opinion at 14–16). Apparently preoccupied with the plaintiff's technical pleading error, the dissent is not concerned by the defense lawyer's self-serving last minute motion for summary judgment in an effort to escape liability because of a technical pleading error.

To sum up, Hill's amendment relates back to the filing of the suit because Shelander was already before the court and the effect of the amendment was merely to correct the capacity in which he was sued. Since there was no surprise to defendant, and because plaintiff satisfied the requirements of Rule 15(c), it is fair and wholly consistent with the spirit of the Rule to permit relation back.

Defendant has discovered no case in which a change in capacity has been held to bar relation back under Rule 15(c). The original *pro se* complaint was against Shelander individually because it did not allege that he was sued in his official capacity and because it clearly alleged Shelander's individual violation of Hill's constitutional rights. It cannot be legitimately claimed that the amendment to the second amended complaint came as a surprise. Rather Shelander was put on notice when this lawsuit originated, and he had adequate opportunity to prepare his defense.

Judgment for defendant reversed and cause remanded for trial.

COFFEY, Circuit Judge, dissenting.

The majority attempts to bail out a plaintiff and his lawyer who carelessly filed pleadings suing the defendant in his official capacity rather than in his individual capacity. Now on appeal, the majority, plowing an unfurrowed field of legal theory without a scintilla of support in case law, reverses the district court's conclusion that the amendment of the pleadings from one of an official capacity suit to one of an individual capacity suit cannot relate back to the date of filing the initial complaint, since the amendment came more than two years after the statute of limitations expired. Hill's attorney had ample time to correct his pleading error prior to the expiration of the statute of limitations. Hill filed his

original complaint *pro se* in December 1984 and failed to properly designate the defendant's capacity. Thereafter, the plaintiff with counsel filed two amended complaints specifically designating Shelander as a defendant in his official capacity in August 1986 and August 1987 and finally moved to amend his complaint to name Shelander in an individual capacity in September 1989. The majority's allowing Hill's third amended complaint to relate back gives Hill a fourth bite at the apple.

The majority somehow holds that even though "plaintiff *pro se* sued Shelander without designating official or individual capacity, it was clear from the allegations concerning the physical injuries inflicted on Hill by Shelander that Hill intended to sue him as an individual." Majority Opinion at 1375. The majority's position is erroneous as a matter of law. The district judge, and the magistrate before him, both held that Hill's initial complaint was against Shelander in his official capacity under *Kolar v. County of Sangamon*, 756 F.2d 564 (7th Cir.1985).[1] The *Kolar* Court noted that while the complaint failed to designate the capacity in which the defendant was sued and the case name failed to mention the defendant's job title, the body of the complaint referred to the defendant's title and alleged conduct that "relates solely to the Sheriff's authority or duty to appoint and promote employees." *Id.* at 568. Under the majority's theory that "Hill's complaint when 'read in its entirety' plainly shows that an individual capacity suit was intended," Majority Opinion at 1374, the content of Kolar's complaint would have been adequate to make the suit one against the Sheriff in his official capacity. Nonetheless, the Court went on to say that

> "this Court ... [has] characterized as 'official capacity' suits those Section 1983 actions that fail to designate expressly the nature of the suit through utilization of the terms 'official capacity' or 'individual capacity,' but which list in the case

name of the complaint the official's job title...."

\* \* \* \* \* \*

> "In order to avoid further confusion on this issue in the future, where a complaint alleges that the conduct of a public official acting under color of state law gives rise to liability under Section 1983, *we will ordinarily assume that he has been sued in his official capacity and only in that capacity* ... If a plaintiff intends to sue public officials in their individual capacities or in both their official and individual capacities, *he should expressly state so in the complaint.*"

*Kolar*, 756 F.2d at 568–69 (emphasis added) (footnote and citations omitted). It is evident that the Court declined to rely on reading the complaint "in its entirety" for its holding. The opinion demonstrates a distinct intention to establish a clear method of determining whether a complaint is brought against a defendant in his official or individual capacity. Hence, I find it surprising that the majority would argue that *"Kolar* stands for the proposition that an official capacity suit will be presumed *when the indicia of an official policy or custom are present in the complaint."* Majority Opinion at 1373 (emphasis added).

In the instant case, Hill brought his initial complaint against Shelander under the name *Steven Hill v. Sgt. Shelander.* Thus, Hill's initial complaint against Shelander is deemed a suit against the defendant in his official capacity under *Kolar,* since the case name lists Shelander's job title and fails to designate the complaint as being against him in his individual capacity. Hill neglected to file a properly amended complaint against the defendant Shelander in his individual capacity until six years after the injury. While this Court may sympathize with Hill, such negligence fails to justify rewriting the law to enable a careless attorney and his client to undo six years of negligent pleading.

*Kolar* likewise undermines the majority's conclusion that the request for punitive damages makes the suit one against Shelander in his individual capacity because

---

**1.** I note that the author of the majority opinion and the author of *Kolar* are the same individual.

"punitive damages [may] be recovered against a government actor only in an individual capacity suit." Majority Opinion at 1374. The question in *Kolar* was whether the County was liable for the damages awarded to Kolar, which included punitive damages. The County argued that the award of punitive damages implied that the complaint must have been against the Sheriff in his individual capacity, since "an official capacity suit brought versus a defendant whose conduct would support a punitive award is doomed to failure." The Court's response was that

> "[a]ssuming, *arguendo*, the correctness of the County's argument, *i.e.*, that the award of punitive damages is wholly inconsistent with an official capacity suit, *the truth of the defendant's proposition would not mean that plaintiff's suit against [the Sheriff] was not in fact brought versus the Sheriff in his official capacity* nor that the County did not understand the action to be brought against him in such a capacity."

*Kolar*, 756 F.2d at 569 (emphasis added) (footnote omitted). A similar holding would be apropos here. The fact that Hill brought a complaint that was doomed to failure is inadequate to transform it from an official capacity action into an individual capacity suit. Thus, as a matter of law, Shelander was without notice that this suit was against him in his individual capacity until more than two years after the statute of limitations had run.

The majority attempts to overcome *Kolar's* clear holding that a suit will be presumed to be against the defendant in his official capacity unless the complaint expressly designates an individual capacity suit through reliance on *Akins v. Board of Governors of State Colleges and Universities*, 840 F.2d 1371 (7th Cir.1988), *vacated* 488 U.S. 920, 109 S.Ct. 299, 102 L.Ed.2d 319, on remand 867 F.2d 972 (7th Cir.1988) (opinion reinstated as to the named plaintiff). *See* Majority Opinion at 1373. In *Akins*, as is clear from the portion the majority quotes, the issue was *"whether the plaintiffs abandoned their claim for injunctive relief against the defendants in their official capacities,"* *Akins*, 840

F.2d at 1377 (emphasis added), by stating in a pleading that they were "suing the defendant state officials in their individual capacities and not in their official capacities." *Id.* The Court found that since the plaintiffs continued to press their claims for injunctive relief, the district court erred in holding that they abandoned the claim. Significantly, the issue of whether a party has abandoned a claim fails to raise the crucial issue at stake here of notice to a defendant that he is being sued personally. Thus *Akins* provides no support for allowing an amendment nearly two and one half years after the statute of limitations to relate back to the time of filing the initial complaint.

The amendment of a pleading from one of an official capacity suit to an individual capacity proceeding, in effect, converts the lawsuit from one against the government to one against Shelander, the individual. Quoting the Supreme Court's explication of the distinction between personal capacity and official capacity suits in *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985), the majority observes:

> "As characterized by the Supreme Court, '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.
>
>     \*    \*    \*    \*    \*    \*
>
> Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." ' "

Majority Opinion at 1372–1373 (citations omitted). As the Supreme Court went on to explain in *Graham*:

> "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only upon the offi-

cial's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."

"On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a " 'moving force' " behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law. When it comes to defenses to liability, an official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law. In an official capacity action, these defenses are unavailable. The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."

*Graham*, 473 U.S. at 166–67, 105 S.Ct. at 3105–06 (citations and footnotes omitted) (emphasis in original).

Under a proper Rule 15(c) analysis, Hill's amendment of his complaint to bring suit against Shelander in his individual capacity does not relate back to the time of filing the original complaint. Rule 15(c) provides in pertinent part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amend-ment, that party (1) *has received such notice of the institution of the action that the party will not be prejudiced* in maintaining a defense on the merits, and (2) knew or should have known that, but for a *mistake concerning the identity of the proper party,* the action would have been brought against the party."

(Emphasis added). Hill has failed and is unable to satisfy the requirements for the amended complaint to "relate back," for his amendment does not correct a *mistake in identity.* Since Shelander was without effective notice that the complaint was against him in his individual capacity, he would be prejudiced as a result of the amendment. As the majority recognizes: "Hill attempted to amend his complaint to change the suit to an individual capacity suit nine months after the statute of limitations ran. Unless Hill's claim relates back to the date of the original complaint within the meaning of Rule 15(c), it is time-barred." Majority Opinion at 1374–1375.[2] In *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986), the Supreme Court determined that a plaintiff failed to meet the requirements for amendment under Rule 15(c), in the following language:

"Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period."

Applying the third and fourth prong of the four-prong test it is essential that "within the prescribed limitations period" the substituted "party must or should have

---

**2.** The applicable statute of limitations time period expired April 17, 1987, *see Anton v. Lehpamer,* 787 F.2d 1141 (7th Cir.1986), and the amended complaint was filed over two years later on September 25, 1989. The majority's assumption that the statute of limitations extended until December 14, 1988, fails to aid its holding.

known that, but *for a mistake concerning identity,* the action would have been brought against it." *Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384 (emphasis added). Yet the majority's decision casts aside the clear and unambiguous language and expands the scope of Rule 15(c) beyond its specific limitation to only those *cases of mistaken identity.* The majority does concede that the very intent of Rule 15(c) is to address the specific problem of mistaken identity: "[T]he Supreme Court's reading of Rule 15(c), along with numerous lower court decisions, recognizes that legitimate legal claims may not be squelched when a party mistakenly identifies a party to be sued within the meaning of Rule 15(c)." Majority Opinion at 1375. Obviously, the majority has an unsurmountable obstacle in attempting to satisfy the *mistake in identity* requirement because any mistake Hill made concerning Shelander's capacity was not a *"mistake concerning the identity of the proper party."* As the trial court noted: "I think what we have here is a mistake, if there is a mistake, as to the operation of law to the facts in this case in terms of recovery...." Thus, the trial judge properly recognized that the plaintiff's mistake concerned a matter of law— the capacity in which he sued Shelander— rather than a misapprehension of Shelander's identity. Hill had no problem from the inception of this suit some six years ago in identifying the proper defendant; his problem was that six years after the event he discovered that he was suing the defendant in a legal capacity where he was unlikely to recover. Hill's remedy at this juncture, if there be one, is a civil action against his attorney. His attempt to bring a suit against Shelander in his individual capacity not one day, not two weeks, but almost two and one-half years after the expiration of the statute of limitations is misconceived.

The majority relies upon a pre-*Schiavone* case, *Wood v. Worachek,* 618 F.2d 1225 (7th Cir.1980) as "specifically identify[ing] a change in capacity as constituting one type of case where the amended complaint related back to the date of the original complaint." Majority Opinion at 1376. But the change in capacity in *Wood* was

"the capacity in which the *plaintiff* sues...." *Wood,* 618 F.2d at 1229 (emphasis added). Change in the capacity in which the plaintiff sues does not raise a question concerning the party to be sued, which is the clear intent of Rule 15(c), and it bears no relationship whatsoever to a mistake in the identity of the defendant. Thus, this misapplication of case law cannot support a conclusion that the plaintiff satisfied the third prong of *Schiavone,* that *"but for a mistake concerning identity,* the action would have been brought against" the amended party. *Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384. When Rule 15(c) speaks of a mistake in identity, that is exactly what it intends, and it clearly does not impact on the *capacity in which the party is sued.*

In an attempt to establish a new legal theory without a scintilla of legal support, the majority argues that "the underlying spirit and purpose of the relation-back doctrine" should permit amendments to relate back even when the Rule 15(c)'s requirement of a mistake of identity is not met. I would note that the Supreme Court precisely rejected such an argument in *Schiavone.* There the petitioners argued that "the Rules of Civil Procedure should be applied and construed to yield just determinations, that is, determinations on the merits...." *Schiavone,* 477 U.S. at 26, 106 S.Ct. at 2382. The Supreme Court's ultimate response to that contention is dispositive here:

> "We do not have before us a choice between a 'liberal' approach toward Rule 15(c), on the one hand, and a 'technical' interpretation of the Rule, on the other hand. The choice, instead, is between recognizing or ignoring what the Rule provides in plain language. We accept the Rule as meaning what it says."

*Schiavone,* 477 U.S. at 30, 106 S.Ct. at 2384 (emphasis added). Our 1976 decision in *Staren v. American National Bank and Trust Co.,* 529 F.2d 1257 (7th Cir.1976), which the majority cites for the proposition "that amendment pursuant to Rule 15(c)

should be freely allowed," is clearly limited by the Supreme Court's warning ten years later in *Schiavone* that we cannot "ignor[e] what the Rule provides in plain language." *Schiavone*, 477 U.S. at 30, 106 S.Ct. at 2384. *Schiavone's* treatment of the plain language of Rule 15(c) binds an intermediate appellate Court to the clear and unfettered terms of Rule 15(c). Because Rule 15(c) provides in plain language that relation-back is permissible only in circumstances where there exists a mistake in identity, it is inapplicable in this case.

The majority cites two pre-*Schiavone* Fifth Circuit cases that ignore the limitation of Rule 15(c) to cases of mistaken identity in support of its erroneous position that Rule 15(c) can encompass an amendment changing a defendant's capacity that does not arise from misidentification. The first of these cases, *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir.1980) is clearly distinguishable. *Kirk* involved an original complaint that improperly "named the Parish of Jefferson and the Jefferson Parish Sheriff's Office as defendants and which was thereafter amended to name the Sheriff "both individually and in his official capacity as Sheriff...." *Kirk*, 629 F.2d at 405. Thus, there was a mistake concerning identification of the defendant as the original complaint was erroneously filed against the Sheriff's Office and the amended complaint substituted the Sheriff in his individual and official capacities. *See Kirk*, 629 F.2d at 408–09 ("The appellee was the Sheriff of Jefferson Parish at all relevant times," and "in the same manner in which he had notice of the action against the sheriff's office, the appellee knew or should have known that he was the party who should have been sued").

Even if *Kirk* were read to permit an amendment changing capacity to relate back absent a mistake in identity, there are material factual distinctions between *Kirk* and the instant case. The language in *Kirk* allows an amendment designating a government official as a defendant in his individual capacity to relate back to the time of filing the complaint when the amendment names as the defendant the Sheriff, who is presumably involved in the governmental policy issues at stake in the official capacity action. We can assume that a Sheriff, the senior commanding officer of the law enforcement agency, will be more knowledgeable concerning an ongoing official capacity action filed against the office he directs than would a lower echelon employee who possesses neither policy-making nor supervisory responsibilities. As contrasted with *Kirk*, the majority permits relation back of an individual capacity action against a prison guard who would normally have no reason to monitor an official capacity lawsuit brought against the governmental agency. Because *Kirk* involved a mistake in identity of the defendant and concerned the head of the governmental agency rather than a lower echelon employee, it does not support the majority's attempt to extend Rule 15(c) to cases that do not involve mistakes in identity.[3]

The second Fifth Circuit case the majority relies upon, *Kerney v. Ft. Griffin Fandangle Association, Inc.*, 624 F.2d 717, 721–22 (5th Cir.1980) is also clearly distinguishable. In *Kerney*, the plaintiff amended his complaint to name defendants in the capacity of class representatives as well as individually after the applicable statute of limitations had ran. The court allowed the amendment to relate back to the time of the filing of the complaint, properly holding

> "that an amendment that merely changes the status of individual defendants to class representatives *without changing the ultimate liability sought to be imposed* relates back to the date of the original complaint if the named parties will not be prejudiced in maintaining a defense as class representatives because of the delay between the original and amended pleadings."

629 F.2d at 405, 406. This is in sharp contrast to the amendment in this case, which was filed over two years after the expiration of the applicable limitations period and six years after the event.

---

**3.** We also note that the amendment in *Kirk* was filed slightly more than three months (97 days) after the expiration of a one year limitations period and was filed within an arguably applicable two year statute of limitations. *See Kirk*,

*Kerney*, 624 F.2d at 721 (emphasis added). The court noted that "no named defendant should find their defense of the class to be different from their defense as individuals." *Id.* In sharp contrast to *Kerney*, which did not affect the ultimate liability of the defendants, amendment of the complaint here alters "the ultimate liability sought to be imposed" because an award of damages in an individual capacity action comes from the named defendant rather than the governmental entity.

The distinctions between *Kerney* and the instant case clearly demonstrate that not only is Hill unable to establish that the first amended complaint involved a mistake concerning identity under the *third* prong of the *Schiavone* four-prong test for relation back under Rule 15(c), neither can Hill satisfy the *second* prong of *Schiavone* that "the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense." *Schiavone*, 477 U.S. at 29, 106 S.Ct. at 2384. Shelander suffers prejudice from this amendment in a number of different manners. An official capacity suit requires proof that the defendant acted in the capacity of a policymaker or pursuant to a governmental policy while an individual capacity suit does not. The defendant is prejudiced as a result of the alteration in the requirements for the plaintiff to establish recovery, for he finds himself forced to dispute different elements of proof. The defendant is further prejudiced in being required to rely upon different defenses, as a defendant is permitted to raise only a qualified immunity defense in an individual capacity suit whereas he may raise a sovereign immunity defense in an official capacity suit. Completely divergent proof and legal arguments are required under each of the defenses. Because an amendment in a defendant's capacity in a lawsuit under 42 U.S.C. § 1983 alters the elements of recovery and defense in the manner described above, it will require major changes in pleading, discovery, trial preparation and selection and location of witnesses to testify at trial. Moreover, at this late date more than six years after the fact, witnesses, due to the lapse of time, may very well

have forgotten crucial facts relating to Shelander's new defense now in an individual capacity, and having to pursue evidence from witnesses who may have moved across the country would require significant additional legal expenses as well as significant delays in the resolution of the lawsuit. Since the complaint was brought against Shelander in his official capacity from the very beginning, and never changed until September of 1989, Shelander was without notice that he needed to make these preparations. Thus, he would suffer additional prejudice were this amended complaint allowed to relate back to the filing of the lawsuit. The prejudice delineated above is further aggravated in that when a claim against a defendant is made in his individual capacity, the defendant's personal assets become exposed to judgment. The conclusion is inescapable that Hill had more than ample time to amend his complaint to designate this action properly as an individual capacity suit within the statute of limitations, and there is no excuse for the prejudice Shelander now suffers as a result of the majority's holding that this untimely amendment relates back.

Relation back of the amendment suing Shelander in his individual capacity after the statute of limitations has run cannot be permitted because Hill has failed to establish that his erroneous designation of Shelander's capacity was a "mistake concerning identity" under any stretch of the imagination, because permitting relation back completely disregards the plain and unambiguous language of Rule 15(c) and because relation back would prejudice Shelander. Once a suit is brought against a defendant in his official capacity, he is entitled to rely on the fact that he has no personal liability at stake. Allowing Hill's amendment to relate back at this late date is not only unfair to Shelander, it subverts the fundamental principle of statutes of limitation. Thus, based upon the interests of justice and fair play to all parties in the litigation, I would affirm the ruling of the trial court and hold that the plaintiff's amendment changing the defendant's ca-

pacity from official to personal does not relate back to the time of filing under Rule 15(c).