946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John D. LAMBERT, Plaintiff-Appellant,
v.
G. Michael BROGLIN, Superintendent, Lieutenant Nash,
Commanding Officer and Officer O. Garcia, et al.,
Defendants-Appellees.
 No. 90-2978.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 17, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 John D. Lambert, formerly an inmate at the Westville Correctional Center in Indiana, alleges that guards at the Westville prison violated his Eighth Amendment rights in contravention of 42 U.S.C. § 1983. The district court dismissed Mr. Lambert's claims based on the Eleventh Amendment and Fed.R.Civ.P. 12(b)(6). We affirm.
 
 
 2
 Mr. Lambert alleged that the appellees, prison guards at the Westville prison, violated the Eighth Amendment by refusing to provide him three medically-prescribed diabetic meals during a prison lock-down. His claim was dismissed by the district court. In its dismissal order, the court noted that Mr. Lambert did not specify whether his suit was against the guards in their official or individual capacities. Thus, the district court addressed both capacities. It first dismissed "any and all damage claims against the defendants in their official capacities" pursuant to the Eleventh Amendment. It then dismissed claims against the appellees in their individual capacities because Mr. Lambert did not state an Eighth Amendment claim.
 
 
 3
 Mr. Lambert raises two issues on appeal. First, he argues that the district court erred by "assuming" that he brought his suit against the guards in their official capacities and dismissing the suit on Eleventh Amendment grounds.[1] Second, he asserts that even if the district court correctly dismissed his damage claims, it should not have dismissed his injunctive claims.
 
 
 4
 Mr. Lambert correctly contends in his first argument that a district court cannot assume that all § 1983 suits are intended as official capacity suits. An official capacity suit should be presumed only where the appellant challenges official policies or customs. Hill v. Shelander, 924 F.2d 1370, 1373 (7th Cir.1991). In contrast, individual capacity suits are presumed when a litigant challenges the individual actions of government employees. Id. Mr. Lambert's complaint alleges that the guards individually denied him prescribed meals and does not indicate that they acted in accordance with a prison rule. Thus, he makes claims against the guards individually, and the district court would have erred if it had presumed that he sued them in their official capacities.
 
 
 5
 This is immaterial in Mr. Lambert's case, however, because the district court did not presume that he sued the guards in their official capacities alone. Instead, the court viewed his case as one alleging both official and individual capacity claims. It first correctly dismissed damage claims against the appellees on Eleventh Amendment grounds. See Kashani v. Purdue University, 813 F.2d 843, 848 (7th Cir.), cert. denied, 484 U.S. 846 (1987). It then dismissed claims against the appellees in their individual capacities because Mr. Lambert failed to state an Eighth Amendment claim. Lambert, however, did not brief the Eighth Amendment issue, and thus waived it on appeal. Fed.R.App.P. 28(a)(4); FTC v. World Travel Vacation Brokers, Inc., 861 F.2d 1020, 1025 (7th Cir.1988).
 
 
 6
 Mr. Lambert's second contention is that even if the court properly dismissed his damage suit under the Eleventh Amendment, it should not have dismissed his claim for injunctive relief. In making this argument, Mr. Lambert accurately notes that the Eleventh Amendment does not bar injunctive relief in official capacity cases. Kashani, 813 F.2d at 848 (courts may order injunctive relief which does not require payment from state treasury); Owen v. Lash, 682 F.2d 648, 654 (7th Cir.1982). Mr. Lambert, however, is not entitled to an injunction. Injunctive relief is inappropriate when a litigant alleges only past harm, unaccompanied by a "continuing adverse effect." O'Shea v. Littleton, 414 U.S. 488, 495 (1974). Mr. Lambert, however, alleges only past harm. He complains that guards at the prison denied him his diabetic meals three years ago; he does not insinuate that their conduct is continuing.
 
 
 7
 Thus, the district court correctly dismissed Mr. Lambert's damage and injunctive claims and its decision is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Perhaps the appellant did not understand the district court opinion. His appellate brief suggests that the court dismissed his entire case on eleventh amendment grounds. In fact, the court only dismissed the official capacity claims on that ground