966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael MAYS, Plaintiff/Appellant,
v.
Thomas D. RICHARDS, et al., Defendants/Appellees.
 No. 91-1074.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 19, 1992.*
Decided June 4, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Mays, a prisoner at the Westville Correctional Center, injured his arm while playing basketball. A nurse at the prison infirmary misdiagnosed his injury as minor, causing him added pain and possibly permanent damage. Mays sued the WCC superintendent, its hospital administrator, and the treating nurse for violating his Eighth Amendment right against cruel and unusual punishment. 42 U.S.C. § 1983. The district court dismissed the complaint as to the superintendent and the hospital administrator for lack of subject matter jurisdiction, and dismissed the complaint as to the nurse for failure to state an actionable claim.[1]
 
 
 2
 Mays's complaint did not state whether he was suing the superintendent and the hospital administrator in their official capacity or in their individual capacity. The distinction, though, is crucial, because, as the court held in dismissing the complaint, "state officials 'acting in their official capacities' are outside the class of 'persons' subject to liability under 42 U.S.C. § 1983." Hafer v. Melo, 112 S.Ct 358, 360 (1991). Mays argues on appeal that, because his complaint, which he filed pro se, did not state whether he was pressing an official-capacity claim or an individual-capacity claim, the court should have liberally read the complaint and construed it to press both official- and individual-capacity claims against the prison officials. At the least, Mays argues further, the court "could have requested the Plaintiff to be more specific concerning the Defendants, or gave the Plaintiff a chance to amend his complaint."
 
 
 3
 "When the complaint fails to explicate clearly the capacity in which the defendant is to be sued.... an official capacity suit will be presumed when the indicia of an official policy or custom are present in the complaint." Hill v. Shelander, 924 F.2d 1370, 1373 (7th Cir.1991) (citing Kolar v. County of Sangamon, 756 F.2d 564, 567 (7th Cir.1985)). Mays concedes that his complaint did not expressly direct its claims against the prison officials in an official or an individual capacity, and that the caption to his complaint names the officials in their official capacity. Moreover, the conduct described in the complaint can only relate to the prison superintendent and the hospital administrator in their official roles as the supervisors of the employees who Mays claims caused his injuries. Mays's response to the prison officials' motion to dismiss, however, does argue that he intended to sue the officials in their individual and official capacities. But his response to the motion to dismiss is not enough to correct the omissions in his complaint. The federal pleading requirements are liberal, Fed.R.Civ.P. 8, but a complaining party must "provide the necessary notice to his adversary ... apprising the opposing parties of the nature of the litigation and the claims or defense that are being raised by the suit." 15 Wright & Miller, Federal Practice and Procedure Civil 2d § 1281 at 519. As a result, Mays's argument in his response to the motion to dismiss that he meant to include an individual-capacity claim came too late in the day to correct his faulty complaint. We do not reach Mays's argument on the merits because the district court properly dismissed the case for lack of jurisdiction.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 By not raising the issue on appeal, Mays has waived any argument that the court erred by dismissing the claim against the nurse