**Patricia ZRALKA, as Administrator of the Estate of Eugene J. Zralka, Jr., Deceased, Plaintiff,**

v.

**Officer Ed TURES, Officer Joseph Bastie, and Commander Frank Sautkus, Defendants.**

**No. 88 C 3077.**

United States District Court, N.D. Illinois, E.D.

March 16, 1989.

Marcia B. Gevers, Marcia B. Gevers & Associates, Park Forest, Ill., for plaintiff.

Judson H. Miner, Corp. Counsel, William B. Mackin, Sharon M. Sullivan, City of Chicago, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendants' motion to dismiss the Fourth Amended Complaint. For the following reasons, the motion is granted in part and denied in part.

## FACTS

Plaintiff alleges that defendant police officers Ed Tures and Joseph Bastie entered decedent Eugene Zralka's home without permission, a warrant, or probable cause, and shot decedent to death after decedent resisted arrest. Plaintiff alleges violation of 42 U.S.C. § 1983 by officers Tures and Bastie due to wrongful arrest, unreasonable search and seizure, and excessive force (Count I); that the complained of incident was part of a pattern of excessive force and brutality committed by defendants (Count I); and that defendant Frank Sautkus was negligent in his selection, appointment, training and supervision of defendants Tures and Bastie (Count I). Plaintiff further alleges loss of parental association as a pendent claim (Count II). Defendants move for dismissal.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788

F.2d 411 (7th Cir.1986). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

Defendants move to dismiss defendant Frank Sautkus. The Fourth Amended Complaint does not state whether the action is against Sautkus in his official or individual capacity. In either case, plaintiff fails to state a claim.

To the extent that Sautkus is being sued in his official capacity, the action is a claim against the municipality which employs him. *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir.1986). To state a claim against a municipality, a plaintiff must allege a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The standard in this circuit for stating a claim against a municipality is articulated in *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985). A plaintiff must allege facts which, if true, tend to support his allegation that a municipal policy exists which could have caused his injury. *Id.* at 769. Boilerplate allegations are insufficient. *Id.* at 768. Thus, conclusory allegations that police officers brutalized plaintiff, that the City had a custom or practice of allowing such brutality, exonerating police officers charged with such brutality of fault in its investigations, and continuing to employ police officers despite their histories of civil rights violations, failed to pass the *Monell* hurdle. *Id.*

Here, plaintiff alleges, in conclusory terms, that Sautkus knew or should have known of the unlawful disposition of Tures and Bastie, failed to discipline Tures and Bastie, and was negligent in hiring, training, and supervising Tures and Bastie. Plaintiff further alleges that the acts of Tures and Bastie were part of a pattern of unlawful conduct, but fails to describe any other incidents comprising this alleged "pattern." These are the kind of boilerplate allegations which the court in *Strauss*

found to be insufficient to overcome the requirements of *Monell*.

To the extent that Sautkus is sued in his individual capacity, plaintiff must demonstrate personal responsibility on Sautkus' part. *Rascon*, 803 F.2d at 273. Moreover, the Seventh Circuit has stated that it is not sufficient for a § 1983 plaintiff to show that a supervisory official was remiss in his supervisory duties; the supervisory official must be shown to have knowingly, willfully, or at least recklessly caused a deprivation of rights. *Id.* at 273–74. In so stating, the Seventh Circuit applied the rule stated in *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (negligent deprivation of due process by state official not actionable) to all § 1983 actions, and superseded the earlier rule stated in this circuit that mere negligence on the part of a superviser is sufficient to make him liable. *See McKinnon v. City of Berwyn*, 750 F.2d 1383, 1391 (7th Cir.1984). Plaintiff merely alleges negligence on Sautkus' part, and therefore fails to state a claim against Sautkus in his individual capacity.

Alternatively, even if plaintiff were to allege willfullness on Sautkus' part, she would still fail to state a claim against Sautkus individually. *Rascon* stands for the proposition that a supervisor should not be found personally liable lightly. *See Rascon*, 803 F.2d at 273. *Strauss* stands for the proposition that a plaintiff may not routinely expand the scope of an action under § 1983 simply by adding boilerplate allegations against a municipality to the Complaint. *See Strauss*, 760 F.2d at 768–69. The court finds that these two propositions, taken together, result in application of the pleading requirements stated in *Strauss* to actions against supervisors in their individual capacities. A plaintiff, precluded from aiming boilerplate allegations at a municipality, should not be permitted to aim those same boilerplate allegations at a supervisor instead. Allowing this would permit plaintiffs to routinely expand the scope of § 1983 actions, and routinely state claims against supervisors, contrary to the spirit of *Rascon* and *Strauss*.

Consequently, the motion to dismiss defendant Frank Sautkus is granted. Furthermore, the court strikes paragraphs 21, 22, and 23, as the allegations in those paragraphs are immaterial for the reasons stated above. *See* Fed.R.Civ.P. 12(f).

Defendants argue that Count I is vague, confusing, and is not a short and plain statement of a claim. *See* Fed.R.Civ.P. 8(a). The court disagrees; plaintiff has stated a claim against Officers Tures and Bastie with adequate clarity.

 Defendants urge dismissal of Count II for failure to allege compliance with the relevant statute of limitation. However, a complaint need not contain such an allegation. Rather, defendants should raise the issue. *See* Wright and Miller, *Federal Practice and Procedure: Civil* § 1277. Here, defendant provides neither an allegation nor evidence that plaintiff has failed to comply with the relevant limitation period.

Nevertheless, plaintiff's Count II is deficient for a reason not raised by defendant. Count II purports to state a claim for loss of parental association, yet no parent is named as a plaintiff. The administrator of the Estate of Eugene J. Zralka, Jr. is the only plaintiff. Therefore, Count II is dismissed.

Finally, plaintiff's request for sanctions is denied. *See* Fed.R.Civ.P. 11. Plaintiff argues that defendants' motion to dismiss is substantially a repeat of earlier motions to dismiss. Yet, each of defendants' earlier motions was successful. Moreover, the present motion is not repetitive of earlier motions. Furthermore, defendant's motion, as explained above, is largely meritorious. Therefore, the request for sanctions is denied.

Plaintiff is cautioned against casually requesting sanctions. This court does not take lightly a motion for sanctions under Rule 11. The movant may see the defendants' counsel as being overzealous, but the court views it as well within the bounds of proper representation. While the Rule 11 sanction serves an important purpose, it is a tool that must be used with utmost care and caution. *Federal Deposit Insurance Corp. v. Tekfen Const. and Installation Co.*, 847 F.2d 440 (7th Cir.1988). The purpose of Rule 11 is to sanction bad faith conduct, and a request for sanctions should not be casually added to a response to a motion when no solid basis for inferring serious misconduct exits.

In sum, defendant Frank Sautkus is dismissed, and paragraphs 21, 22, and 23 of the Fourth Amended Complaint are stricken. The motion to dismiss Count I to the extent it states a claim against defendants Ed Tures and Joseph Bastie is denied, Count II is dismissed, and the request for sanctions is denied. Plaintiff is granted leave to amend within 14 days for the limited purpose of curing the defect in Count II. Failure to so amend will result in dismissal of Count II with prejudice. *See* Fed.R. Civ.P. 15(a).

IT IS SO ORDERED.