978 F.2d 1262
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charlotte WASHINGTON-BONEY, Plaintiff/Appellant,
v.
ILLINOIS DEPARTMENT OF CORRECTIONS, Pat Matsko, Louis
Lowery, and Michael P. Lane, Defendants/Appellees.
 No. 91-1415.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Nov. 2, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Charlotte Washington-Boney, whose husband is incarcerated at the Pontiac Correctional Center (Pontiac), claims that officials at the prison violated her Fourth and Fourteenth Amendment rights. See 42 U.S.C. § 1983. The district court denied leave to proceed in forma pauperis and dismissed all the claims. We reverse as to one claim against Pat Matsko, but affirm as the all the others.
 
 I. BACKGROUND
 
 2
 On January 17, 1990, Washington-Boney filed a complaint under 42 U.S.C. § 1983. The complaint alleged that defendant Matsko illegally searched Washington-Boney during prison visits on August 18, 1987 and February 3, 1988. Washington-Boney claimed that on both occasions:
 
 
 3
 Matsko ordered me to lift my skirt. After complying with this order; said officer proceeded to touch/search my vaginal area and ordered me to turn around with my back to her, at which time she proceeded to touch/search my buttocks thoroughly. Following this I was told to lift my brassiere. The officer then lifted each of my breast [sic] and stroked along each side.
 
 
 4
 The complaint further alleged that, after the second search, Matsko sent Washington-Boney to a reception area, where she waited for her sister-in-law, who was also visiting the prison. While in the reception room, Washington-Boney was approached by a security officer who informed her that her sister-in-law was carrying drugs. He demanded to search Washington-Boney's car. When Washington-Boney refused, the officer summoned his supervisor, Louis Lowery. Lowery ordered the officer to admit Washington-Boney, but after Lowery's departure, the officer nonetheless evicted her. As Washington-Boney was leaving, the officer told her that she should not return to the prison without permission from the warden. Washington-Boney never contacted the warden and did not visit the prison for two to three months. During that time, she called the prison several times to determine the status of her visitation privileges. She finally learned from Lowery's secretary that no restriction had been placed on her visitation.
 
 
 5
 Washington-Boney requested leave to file her complaint in forma pauperis. Because the district court found the claims against Lowery and Lane frivolous, it denied her request as to those claims. The court was unable to make the same determination about defendant Matsko, so it asked Washington-Boney to elucidate her claims in an amended complaint. In that amended complaint, Washington-Boney gave the following description of the second search:
 
 
 6
 This search consisted of officer Matsko reaching beneath plaintiff's skirt where she commenced to rub in an upward manner on plaintiff's thighs till her hands went around plaintiff's back to her buttocks, back in front and with the edge of her hand rubbed across plaintiff's vaginal area.
 
 
 7
 Officer Matsko then rubbed downward to plaintiff's ankles. Following this plaintiff was instructed to raise her blouse to allow officer Matsko access to her breast area, officer Matsko rubbed in a circular motion and around plaintiff's brasserie and entire breast.
 
 
 8
 After receiving these amendments, the district court dismissed the claims against Matsko as frivolous.[1] Washington-Boney appeals.
 
 II. ANALYSIS
 
 9
 The in forma pauperis statute, 28 U.S.C. § 1915, allows indigent litigants to bring suit in federal court without paying costs. The statute protects against abuses of this privilege by allowing courts to dismiss an action "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). An action is frivolous if no rational argument in law or fact supports it. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992). This determination is within the discretion of the district court, whose decision we will not overturn absent an abuse of that discretion. Id. at 1734.
 
 A. The Illinois Department of Corrections
 
 10
 The district court properly dismissed Washington-Boney's claims against the Department of Corrections. As a state agency, the Department is immune from federal damage liability by virtue of the Eleventh Amendment. Rucker v. Higher Educ. AIDS Bd., 669 F.2d 1179, 1184 (7th Cir.1982).
 
 B. Defendants Lowery and Lane
 
 11
 The district court also acted within its discretion when it dismissed claims against defendants Lowery and Lane. A plaintiff bringing a § 1983 individual[2] capacity claim must prove that the defendants personally participated in or caused the unconstitutional actions. Duckworth v. Franzen, 780 F.2d 645, 650 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986). At the in forma pauperis stage, this personal involvement may either be pleaded in the complaint or inferred from the surrounding circumstances. See Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir.1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989). (personal involvement may be inferred from the defendant's position in the prison). Because Washington-Boney's pleadings fail to address Lowery's or Lane's personal involvement and because their involvement cannot be inferred, we affirm the district court's dismissal.
 
 
 12
 Lane's position as Director of the Illinois Department of Corrections precludes an inference of personal involvement. High-ranking officials like Lane rarely participate in body searches and rarely deny visiting privileges to individuals. See id. at 307. Lane may have supervised those who were responsible for these actions, but his liability cannot be imposed vicariously on a theory of respondeat superior. Id.
 
 
 13
 Lowery, unlike Lane, occupies a position which would ordinarily allow an inference of involvement. See id. As Assistant Warden of Security, Lowery often assisted his staff with problems. Presumably this assistance could have included evicting visitors and placing restrictions on visitation privileges.
 
 
 14
 Washington-Boney's complaint, however, precludes these inferences. The complaint alleges that Lowery's employee illegally ousted Washington-Boney from the prison. The same employee told Washington-Boney that Lowery would place a restriction on her future visits. Because Lowery never placed the restriction and actually forbade the eviction, the claims against Lowery, like the claims against Lane, allege only respondeat superior liability.
 
 C. Defendant Matsko
 
 15
 Finally, Washington-Boney claims that Pat Matsko illegally searched her during two separate visits. We agree with the district court that the challenges to the first search are frivolous, but reverse its decision on the second search.
 
 
 16
 As the district court found, the two-year statute of limitations bars Washington-Boney's challenges to the first search. See Wilson v. Garcia, 471 U.S. 261, 275 (1985) (announcing the statute of limitations applicable to § 1983 actions); Ill.Rev.Stat. ch. 110, para. 13-202. The search occurred about August 18, 1987, and the complaint was filed on January 17, 1990. No tolling occurred during this period because Washington-Boney knew about the violation immediately and the search was not "simply [a] step in a course of wrongful conduct." See Taylor v. Meirick, 712 F.2d 1112, 1118-19 (7th Cir.1983).
 
 
 17
 As to the second search, Washington-Boney alleges that Pat Matsko: (1) searched her breasts after forcing her to lift up her blouse and (2) reached under her skirt and either touched or searched her buttocks and vagina. The second of these allegations is rather vague[3], but the first allegation by itself states a non-frivolous ground for relief. Although this circuit has never addressed the issue, other jurisdictions would consider a search of a person's breasts after "the arrangement of some of all of" her clothing a strip search. Masters v. Crouch, 872 F.2d 1248, 1250, 1253 (6th Cir.), cert. denied, 493 U.S. 977 (1989); Ill.Admin.Code Tit. 20, § 501.210. Strip searches of prison visitors are prohibited absent reasonable suspicion. Hunter v. Auger, 672 F.2d 668, 674 (8th Cir.1982) (strip search of prison visitors); see also Marybeth G., 723 F.2d at 1273 (strip search of arrestee requires reasonable suspicion); United States v. Dorsey, 641 F.2d 1213, 1217 (7th Cir.1981) (strip search at the border requires reasonable suspicion).
 
 
 18
 It is unclear whether Matsko acted with reasonable suspicion when she searched Washington-Boney. The district court's dismissal of this case at the in forma pauperis stage, without the benefit of a response from Matsko, prevents us from assessing her reasons for the search. Although Matsko may have a valid explanation for her actions, the district court abused its discretion by dismissing without permitting a response.
 
 III. CONCLUSION
 
 19
 Washington-Boney may proceed in forma pauperis on her claim against Pat Matsko. The dismissal of that claim is vacated and remanded for further proceedings. The dismissals of all other claims are affirmed, see House v. Belford, 956 F.2d 711, 718-19 (7th Cir.1992), as dismissals without prejudice. Denton, 112 S.Ct. at 1734 (a "s 1915 dismissal is not a dismissal on the merits," and thus "does not prejudice the filing of a paid complaint making the same allegations").
 
 
 20
 AFFIRMED in part, VACATED in part.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The district court entered final judgment without discussing Washington-Boney's claims against an unnamed prison official
 
 
 [2]
 We assume that Washington-Boney's brings only individual capacity claims because she requests only money damages. See Hill v. Shelander, 924 F.2d 1370, 1374 (7th Cir.1991)
 
 
 [3]
 The allegations do not explain whether Matsko inadvertently touched these body parts or actually searched them. See Complaint and Amended Complaint. This distinction is crucial. A search of a visitor's buttocks and vagina is a body-cavity search, which requires a substantial justification. See Mary Beth G. v. Chicago, 723 F.2d 1263, 1272 (7th Cir.1983) (body-cavity searches are a great personal indignity and thus the least justifiable of all searches)