**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RETTA E. CORNFORTH,

        Plaintiff-Appellee,

v.

UNIVERSITY OF OKLAHOMA
BOARD OF REGENTS, d/b/a
UNIVERSITY OF OKLAHOMA
HEALTH SCIENCES CENTER AT
OKLAHOMA CITY; BILL
BARRINGER,

        Defendants-Appellants.

No. 00-6119

---

Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. CIV-99-1840-A)

---

Mark Hammons, (Heather Lake, with him on the brief), Hammons & Associates, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Joseph Harroz, Jr., University of Oklahoma, Office of Legal Counsel, Norman, Oklahoma, (Adam Buckley Cohan, University of Oklahoma, Office of Legal Counsel, Norman, Oklahoma; Fred R. Gipson, University of Oklahoma, Health Sciences Center, Oklahoma City, Oklahoma, with him on the briefs), for Defendants-Appellants.

---

Before **BRISCOE**, **MURPHY**, Circuit Judges, and **CROW**, District Judge.[*]

**MURPHY**, Circuit Judge.

## I.    INTRODUCTION

After plaintiff-appellee, Retta Cornforth, was terminated from her position as a medical staff secretary at the University of Oklahoma, she sued both the Board of Regents of the University of Oklahoma (the "University") and her supervisor, Bill Barringer, alleging, *inter alia*, violations of the Pregnancy Discrimination Act, Title VII of the Civil Rights Act of 1964, and the Family and Medical Leave Act of 1993 ("FMLA").  Barringer filed a motion to dismiss the FMLA claims and the motion was denied by the district court.  Barringer then brought this appeal.  We **affirm** the denial of Barringer's motion.

## II.    BACKGROUND

On May 26, 1999, Cornforth was terminated from her position as a medical staff secretary.  Cornforth thereafter filed a complaint in federal district court naming both the University and Barringer as defendants.  In the complaint, she asserted three claims against the University and three claims against Barringer, individually.  Cornforth's claims against Barringer consisted of (1) a state law

---

[*]Honorable Sam A. Crow, District Judge, United States District Court for the District of Kansas, sitting by designation.

claim alleging intentional interference with an employment relationship, (2) a constitutional claim arising under 42 U.S.C. § 1983, and (3) a claim that Barringer acted in violation of FMLA.

The University and Barringer filed separate motions to dismiss. The district court concluded that the FMLA claims Cornforth raised against the University were barred by the Eleventh Amendment and granted the University's motion to dismiss those claims.[1] The district court's conclusion was based on its determination that FMLA does not abrogate the states' sovereign immunity because it is not a valid exercise of Congress' enforcement powers under Section Five of the Fourteenth Amendment. In his motion to dismiss, Barringer argued that he is not an "employer" as that term is used in FMLA and thus cannot be held liable in his individual capacity for violations of FMLA. Barringer also argued that the Eleventh Amendment bars a federal court from hearing the FMLA claims Cornforth has asserted against him.[2]

The district court concluded that any FMLA claims asserted against Barringer in his official capacity were barred by the Eleventh Amendment. The

---

[1]"We have recognized that under Oklahoma law, the Board of Regents of the University [of Oklahoma] is an arm of the state . . . ." *Hensel v. Office of the Chief Admin. Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994).

[2]Barringer also moved to dismiss the state law claim Cornforth asserted against him. The district court granted Barringer's motion as to the state law claim and the issue is irrelevant to this appeal.

court then concluded that Barringer was an employer under the FMLA and could be held individually liable for violations of the FMLA. The district court denied Barringer Eleventh Amendment immunity from the FMLA claims asserted against him in his individual capacity.

## III.  DISCUSSION

This court's jurisdiction over this interlocutory appeal arises pursuant to the collateral order doctrine. *See P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-47, (1993); *Innes v. Kan. State Univ.*, 184 F.3d 1275, 1277 (10th Cir. 1999). Questions involving Eleventh Amendment immunity are questions of law that this court reviews *de novo*. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). Because our jurisdiction is limited, the sole issue before this court is whether the district court properly denied Barringer's motion to dismiss the FMLA claims on Eleventh Amendment immunity grounds. [3] *See Garramone v. Romo*, 94 F.3d 1446, 1452 (10th Cir. 1996). Before we can meaningfully address this issue, it is necessary to determine the nature of Cornforth's FMLA claims against Barringer.

In her complaint, Cornforth seeks "all damages or other relief allowed by the FMLA including liquidated damages." An employee who prevails in a civil

---

[3]Although the University is listed as an appellant in this case, only Barringer's claim of entitlement to Eleventh Amendment immunity is properly before this court.

suit brought pursuant to FMLA is entitled to both damages and appropriate equitable relief, "including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1). A fair reading of Cornforth's complaint leads to the conclusion that Cornforth is seeking both damages and reinstatement. It is unclear from the face of Cornforth's complaint, however, whether the FMLA claims were brought against Barringer in his individual capacity, his official capacity, or in both his individual and official capacities.[4]

The district court apparently interpreted the complaint to include FMLA claims against Barringer in both his individual and official capacities. The district court denied Barringer's motion to dismiss any FMLA claims asserted against him in his individual capacity, specifically stating that "[Cornforth's] claims against defendant Barringer in his individual capacity under FMLA remain."

The district court also concluded that Barringer was "entitled to the immunity granted to defendant [University] for any official capacity claims under FMLA." The district court based this conclusion on a Supreme Court case in which the Court reiterated that suits seeking damages from state officials in their official capacities are, in reality, suits against the state barred by the Eleventh

---

[4]The caption of Cornforth's complaint simply names "Bill Barringer, an individual," as a defendant.

Amendment.[5]  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding a state official may be individually liable for damages based upon actions he takes in his official capacity).  Cornforth has not appealed from this partial grant of immunity to Barringer because she is unable to bring such an appeal at this stage of the litigation.  *See Clemens v. Kansas*, 951 F.2d 287, 288 (10th Cir. 1991) (holding that no interlocutory appeal may be taken from a grant of Eleventh Amendment immunity).  Accordingly, we express no opinion on the merits of the district court's partial grant of Eleventh Amendment immunity to Barringer but discuss the issue merely to clarify that to the extent Cornforth has asserted FMLA claims against Barringer in his official capacity those claims are not subject to this appeal.  We therefore address only whether the FMLA claims brought against Barringer in his individual capacity for both money damages and equitable relief are barred by the Eleventh Amendment.

A.    *Claims for Damages*

---

[5]The district court did not analyze whether the *Ex parte Young* doctrine applies to Cornforth's claims for equitable relief brought against Barringer in his official capacity.  *See Ex parte Young*, 209 U.S. 123, 159-60 (1908) (holding that the Eleventh Amendment generally does not bar official-capacity claims seeking prospective injunctive relief from a state official); *see also ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998) ("Under the *Ex parte Young* legal fiction, when an official of a state agency is sued in his official capacity for prospective equitable relief, he is generally not regarded as 'the state' for purposes of the Eleventh Amendment and the case may proceed in federal court.").

Eleventh Amendment immunity is available when suits seeking damages are brought directly against a state. *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). As a general rule, suits seeking damages from state officials in their individual capacities are not barred by the Eleventh Amendment. *See Hafer*, 502 U.S. at 30-31; *Papasan v. Allain,* 478 U.S. 265, 277 n.11 (1986). "[A] suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer personally." *Alden v. Maine*, 527 U.S. 706, 757 (1999). The Eleventh Amendment is not implicated in such suits because any award of damages will be satisfied from the individual's personal assets and will not be paid from the state treasury. If the sovereign is obligated to pay any damage award entered against the state official, however, the Eleventh Amendment bars the suit. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Barringer initially argued that the State of Oklahoma is obligated under state law to indemnify him for any FMLA violations[6] and, consequently, Cornforth's claims against him for damages are barred by the Eleventh Amendment because any damage award Cornforth obtains would be satisfied from

---

[6]*See* Okla. Stat. Ann. tit. 51, § 162.

the state treasury. In his reply brief, Barringer concedes, as he must, that his position is unconditionally foreclosed by Circuit precedent. *See Griess v. Colorado*, 841 F.2d 1042, 1045-46 (10th Cir. 1988). Although state monies may ultimately be used to satisfy a judgment obtained against a state official sued in his individual capacity, a state cannot extend its sovereign immunity to its employees by voluntarily assuming an obligation to indemnify them. *See id*.

Barringer next contends that an award of damages to Cornforth would effectively compel the University to comply with FMLA. Thus, he argues, the University is the real party in interest and the Eleventh Amendment bars federal courts from hearing Cornforth's FMLA claims against him for damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984) ("[A] suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act."). Presumably, Barringer believes that an award of damages against him will prompt the University to comply with FMLA either to protect its employees from personal liability or to avoid any obligation it may have to indemnify its employees.

Barringer's argument, however, is based purely on conjecture and he has failed to demonstrate or even argue that a judgment against him individually for

damages would *legally require* the University to comply with FMLA. The University may choose to comply with FMLA for any number of reasons, and Barringer has not demonstrated that a decision by the University to comply with FMLA in the wake of a damage award against him is any less a voluntary act than a state's choice to indemnify its employees. The compliance and any attendant costs would, in no way, be forced upon the University by the outcome of the federal suit, but would constitute a purely voluntary choice on the part of the University. Thus, Barringer's argument that the University is the real party in interest is essentially no different than the argument rejected by this court in *Griess*.

Barringer's arguments that the Eleventh Amendment bars the federal courts from hearing Cornforth's FMLA claims for damages against him in his individual capacity are without merit.[7]

B.     *Claims for Equitable Relief*

Barringer advances three arguments in support of dismissal of Cornforth's FMLA claims against him individually for injunctive relief. Only two of those arguments, however, involve assertions that the claims are barred by the Eleventh

---

[7]On appeal, Barringer has not asserted any personal immunity defenses to the claims against him for damages and, consequently, we do not address whether any would apply in this case. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) ("[A]n official in a personal-capacity action may, depending on his position, be able to assert personal immunity defenses, such as objectively reasonable reliance on existing law.").

Amendment. Barringer first contends that if he is ordered to reinstate Cornforth or provide her with FMLA benefits in the future, the University will be coerced into providing the relief, thereby eviscerating its Eleventh Amendment immunity. This argument has been considered and rejected by the Supreme Court.

In the seminal case of *Ex parte Young*, the Supreme Court made it clear that a private individual may sue a state official for prospective injunctive relief in federal court even if the Eleventh Amendment bars such claims from being brought against the state itself. *See* 209 U.S. 123, 159-60 (1908); *see also Green v. Mansour*, 474 U.S. 64, 68 (1985) (holding that federal courts have jurisdiction over claims against state officials seeking prospective injunctive relief "designed to end a continuing violation of federal law"). Thus, Barringer's argument that the University's immunity will be eviscerated if Cornforth obtains injunctive relief from him is totally without merit.

Barringer, however, also contends that this case presents an exception to the general rule that federal courts have jurisdiction over suits against state officials seeking prospective injunctive relief. That exception, first articulated by the Supreme Court in *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1997), bars suits seeking relief that would "implicate[] special sovereignty interests." *Id*. at 281; *see also Buchwald*, 159 F.3d at 495 n.6. This court has held that *Coeur d'Alene* applies when the injunctive relief sought is "the functional equivalent to

-10-

a form of legal relief against the state that would otherwise be barred by the Eleventh Amendment." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1190 (10th Cir. 1998) (quotation omitted). Barringer has failed to identify any such "special sovereignty interest" in this case but, instead, simply asserts that a grant of injunctive relief against Barringer would effectively require the University to comply with federal law. The Court has repeatedly held, however, that suits brought pursuant to *Ex parte Young* seeking to end a continuing violation of federal law are not barred by the Eleventh Amendment. *See*, *e.g.*, *Green*, 474 U.S. at 68 ("Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law."). Thus, the injunctive relief sought by Cornforth against Barringer does not implicate a special sovereignty interest and the *Coeur d'Alene* exception is inapplicable.

Barringer also argues that because the University will bear the ancillary costs of Barringer's compliance with any injunction, the University is the real party in interest and the claims are barred by the Eleventh Amendment. Barringer's argument was rejected by the Supreme Court in *Edelman v. Jordan*. *See* 415 U.S. at 665 ("State officials, in order to shape their official conduct to the mandate of the Court's decrees, would more likely have to spend money from the state treasury than if they had been left free to pursue their previous course of

-11-

conduct. Such an ancillary effect on the state treasury is a permissible and often an inevitable consequence of the principle announced in *Ex parte Young* [].")

In addition to his Eleventh Amendment arguments, Barringer also asserts that Cornforth's claims against him for injunctive relief should be dismissed because he is not an "employer" as that term is defined in FMLA. *Compare Kilvitis v. County of Luzerene*, 52 F. Supp. 2d 403, 411-16 (M.D. Pa. 1999), *with Keene v. Rinaldi*, 127 F. Supp. 2d 770, 774-78 (M.D.N.C. 2000). Barringer contends that the term "employer" should not be interpreted to include individual supervisors. He argues that such an interpretation would render the statute absurd because Barringer, in his individual capacity, is unable to provide the injunctive relief Cornforth seeks.

Our jurisdiction over this interlocutory appeal is strictly confined only to those issues involving the Eleventh Amendment. Because Barringer's argument does not involve a claim of Eleventh Amendment immunity, it is not properly before this court. Accordingly, we can not, and do not, express any opinion on whether Cornforth's FMLA claims for injunctive relief asserted against Barringer in his individual capacity should be dismissed either because Cornforth cannot obtain such relief against Barringer in his individual capacity[8] or because the term

---

[8]*See*, *e.g.*, *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991) ("[I]njunctive relief against a state official may be recovered only in an official capacity suit."); *Smith v. Plati*, 56 F. Supp. 2d 1195, 1203 (D. Colo. 1999) (dismissing claims against state official in his individual capacity because the

"employer" as used in FMLA should not be interpreted to include individual supervisors.

Barringer's arguments are either foreclosed by Supreme Court precedent or do not involve the Eleventh Amendment. We hold there is no Eleventh Amendment bar to federal court jurisdiction over Cornforth's claims against Barringer for prospective injunctive relief.

## IV. CONCLUSION

That portion of the order entered by the district court in which the court denied Barringer's motion to dismiss the FMLA claims asserted against him in his individual capacity on Eleventh Amendment grounds is **affirmed**. Cornforth's application to supplement her answer brief is **denied** because the issues addressed are not properly before this court.

---

relief plaintiff requested could only be obtained against the defendant in his official capacity).