**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANTHONY HEUSER; NONA
HEUSER,

      Plaintiffs-Appellants,

  v.

SAN JUAN COUNTY BOARD OF
COUNTY COMMISSIONERS;
MARION FARNSWORTH, in his
individual capacity; ROBERT
BATLEY, in his individual capacity;
DAVID VELASQUEZ, in his
individual capacity; AILEEN
NOURSE, in her individual capacity,

      Defendants,

    and

JERRY LARRAÑAGA, New Mexico
Taxation and Revenue Department, in
his individual capacity,

      Defendant-Appellee,

------------------------

AMERICAN CIVIL LIBERTIES
UNION OF NEW MEXICO

      Amicus Curiae.

No. 05-2011
(D.C. No. CIV-04-105 RB/RLP)
(D. N.M.)

Before **LUCERO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs-appellants Anthony Heuser and Nona Heuser appeal from an order of the district court dismissing their complaint against defendant Jerry Larrañaga based on Eleventh Amendment immunity, and alternatively, granting Larrañaga's motion for summary judgment based on qualified immunity. For the reasons below, we dismiss this appeal for lack of jurisdiction.

BACKGROUND

The Heusers own property in San Juan County, New Mexico. In June 2000, they received a notice from the San Juan County Assessor that changed the classification of their property from agricultural to non-agricultural.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In January 2001, the Heusers appeared before Larrañaga and the San Juan County Tax Protest Board (Board) to contest the reclassification. Larrañaga was Chairman of the Board and presided at the hearing. In a written decision issued in March 2001, the Board upheld the reclassification of the Heusers' property.

The Heusers disagreed with the Board's decision, and in May 2001, they filed an appeal in state court pursuant to New Mexico statutes. In October 2001, the parties to the state court action stipulated to the entry of a court order that reversed the Board's decision and restored the Heusers' agricultural classification for the tax year 2000, which resulted in a forty dollar savings.

In January 2004, the Heusers filed a complaint in the United States District Court for the District of New Mexico pursuant to 42 U.S.C. §§ 1983 and 1988 for alleged violations of their First, Fifth, and Fourteenth Amendment rights during the tax hearing. Their complaint requested "money damages and equitable relief." Aplt. App. at 1. In particular, they sought to recover the attorney fees they incurred in their appeal of the Board's decision to the state court.

THE DISTRICT COURT PROCEEDINGS

The theory of the Heusers' lawsuit was that Larrañaga, a state employee, had a vendetta against them because they had obtained a favorable summary judgment ruling against San Juan County in an unrelated civil rights lawsuit.

They argued that Larrañaga had a score to settle and that he used his position as Chairman of the Board to decide against them.[1]

The district court granted Larrañaga's motion to dismiss, finding that although the Heusers sued Larrañaga in his individual capacity, their claims were in reality a lawsuit against the state, which is immune from liability under the Eleventh Amendment.[2] Alternatively, the court granted Larrañaga's summary motion on the basis of qualified immunity.[3]

## ANALYSIS

This court has an independent duty to examine its own jurisdiction even when neither party has contested jurisdiction. *Lopez v. Behles (In re Am. Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir. 1994). Nor are we bound by a prior

---

[1] We note the dubious logic of this theory. The Heusers' tax hearing was in January 2001, and the Board's decision was issued in March 2001. The adverse summary judgment ruling was not issued until August 2001–several months after the tax hearing and decision. *Heuser v. Johnson*, 189 F. Supp. 2d 1250 (D. N.M 2001).

[2] The American Civil Liberties Union of New Mexico has filed an amicus brief challenging the district court's application of the Eleventh Amendment as contrary to our opinions in *Cornforth v. University of Oklahoma Board of Regents*, 263 F.3d 1129 (10th Cir. 2001), and *Griess v. Colorado*, 841 F.2d 1042 (10th Cir. 1988). Because our resolution of this case does not involve the Eleventh Amendment we do not address this issue on appeal.

[3] The Heusers apparently resolved their claims against the San Juan County Board of Commissioners, Marion Farnsworth, Robert Batley, David Velasquez and Aileen Nourse, who were also named as defendants in the federal court lawsuit.

exercise of jurisdiction in a case when it was not questioned and it was passed on sub silentio. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001) (quotation omitted).

The Tax Injunction Act, 28 U.S.C. § 1341, provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." This court has held that § 1341 is a broad prohibition against the use of the equity powers of federal courts involving state tax matters. *Brooks v. Nance*, 801 F.2d 1237, 1239 (10th Cir. 1986).

Moreover, although 28 U.S.C. § 1341 on its face does not proscribe jurisdiction with regard to claims for damages under 42 U.S.C. § 1983, the principle of comity prohibits federal district courts from exercising jurisdiction over § 1983 damage claims where the taxpayer has a plain, adequate, and complete remedy in state court to correct any violations of their federal rights. *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981).

Setting aside the fact that this court perceives no violation of the Heusers' federal rights, the relevant inquiry is whether they had a plain, adequate, and complete remedy under state law to correct an erroneous decision and raise any alleged violations of their federal rights. *Brooks*, 801 F.2d at 1240.

Here, its undisputed that the Heusers not only had a plain, adequate, and complete remedy to correct what they believed was an erroneous decision, but the decision was in fact reversed. More to the point, their 42 U.S.C. § 1983 claims

could have been brought in state court. *Garcia-Montoya v. State Treasurer's Office*, 16 P.3d 1084, 1088 (N.M. 2001).

This appeal is DISMISSED.

Entered for the Court

Stephen H. Anderson
Circuit Judge