**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**January 31, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

VINCENT DEWAYNE GAYLORD,

    Plaintiff - Appellant,

v.

STATE OF KANSAS,

    Defendant - Appellee.

No. 23-3075
(D.C. No. 5:23-CV-04018-KHV-RES)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Plaintiff Vincent DeWayne Gaylord, appearing pro se, appeals the district court's dismissal of his suit against the State of Kansas. The district court dismissed the complaint because sovereign immunity insulated the State and Plaintiff failed to state a claim upon which the district court could grant relief. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

On March 16, 2023, Plaintiff filed a form complaint for pro se litigants, twelve pages of exhibits, and a second form complaint for pro se litigants for employment discrimination claims.  The district court construed these three documents as the complaint.  Plaintiff asserted claims for defamation, false-light invasion of privacy, an employment discrimination violation under Title VII of the Civil Rights Act of 1964, and a civil rights violation under 28 U.S.C. § 1343.  The district court— agreeing with the magistrate judge's recommendations—dismissed the complaint on two grounds.  First, the district court dismissed three of the four claims under 28 U.S.C. § 1915(e)(2)(B)(iii) because the Eleventh Amendment provides the State of Kansas sovereign immunity from suits for monetary damages.  Second, the district court dismissed the remaining claim for a failing to state a Title VII claim under § 1915(e)(2)(B)(ii).  Plaintiff appeals.

II.

"Questions involving Eleventh Amendment immunity are questions of law that this court reviews de novo."  Cornforth v. Univ. of Oklahoma Bd. of Regents, 263 F.3d 1129, 1131 (10th Cir. 2001) (citing Sturdevant v. Paulsen, 218 F.3d 1160, 1164 (10th Cir. 2000)).

We also review the district court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo.  See Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (citing Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999)).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is

2

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Id. (quoting Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir.2001)). Just as with Federal Rule of Civil Procedure 12(b)(6) dismissals, "we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id. (quoting Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir.2002)). And "we liberally construe pro se filings" though "we do not 'assume the role of advocate.'" Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quoting Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187–88 (10th Cir. 2003)).

### III.

Liberally construing Plaintiff's brief, Plaintiff objects to the district court's dismissal of his claims. While Plaintiff does not clearly appeal the dismissal of each cause of action, he references the total damages for which he pleaded in his complaint and reiterates the same general facts from his complaint. Thus, we presume he appeals the dismissal of each cause of action.

The district court dismissed most of Plaintiff's claims pursuant to § 1915(e)(2)(B)(iii) because the Eleventh Amendment provides the State sovereign immunity from suits for monetary damages. Under the Eleventh Amendment, a plaintiff may not sue a state in federal court unless the state consents to the suit in unequivocal terms or if Congress unequivocally abrogates the state's immunity.

3

Collins v. Daniels, 916 F.3d 1302, 1315 (10th Cir. 2019) (quoting Muscogee (Creek) Nation v. Oklahoma Tax Comm'n, 611 F.3d 1222, 1227 (10th Cir. 2010)).

Here, Plaintiff demands two million dollars in damages and requests no other form of relief. Because this is a suit for monetary damages, sovereign immunity blocks Plaintiff's claims if no exception exists. One claim—the employment discrimination claim—survives as we have recognized that Congress abrogated sovereign immunity for Title VII claims. Crumpacker v. Kansas Dep't of Hum. Res., 338 F.3d 1163, 1169 (10th Cir. 2003) (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 449 n.2 (1976)). But Plaintiff cites no unequivocal consent to suit or congressional abrogation of sovereign immunity for his other claims. And we see no exception. So sovereign immunity bars Plaintiff's claims of defamation, invasion of privacy, and a civil rights violation under 28 U.S.C. § 1343. Thus, we address only his Title VII discrimination claim on the merits.

Plaintiff alleges that Defendant engaged in employment discrimination in violation of Title VII because Defendant prevented him from obtaining a teaching job. "Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)). Essential to this claim is an employment relationship with Defendant. See Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991) ("Since plaintiff has no employment relationship with defendants, he

4

cannot pursue a claim for discrimination against them under [] Title VII. . .")  Even under the most liberal reading of the complaint, Plaintiff pleaded no such employment relationship.  And without that relationship, Plaintiff states no Title VII claim against Defendant upon which relief may be granted.

For these reasons, we conclude that the State is immune from suit on all but one of Plaintiff's claims and that Plaintiff failed to state a claim upon which a court may grant relief on the other.  Thus, we AFFIRM the district court's dismissal.

Entered for the Court


Joel M. Carson III
Circuit Judge