**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 3, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

HESHIMO YAPHET CARR,

    Plaintiff - Appellant,

v.

JARED POLIS, Governor; ANDRE
STANCIL, Executive Director of CDOC;
BERRY GOODRICH, Warden, Crowley
County Correctional Facility; UNKNOWN
CORE CIVIC, INC., EMPLOYEES;
CROWLEY COUNTY CORRECTIONAL
FACILITY; JEREMY BRANDT, PPNU
Assistant Director; UNKNOWN
CONTRACTORS OF CORE CIVIC;
UNKNOWN DEFENDANTS, Core
Civic/CCCF; UNKNOWN
DEFENDANTS, CDOC, Custodians of
Prisoner Police, Care, Management, Safety
and Security; UNKNOWN
DEFENDANTS, CDOC,

    Defendants - Appellees.

No. 24-1302
(D.C. No. 1:24-CV-00418-LTB-SBP)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

[*] After examining the brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a);
10th Cir. R. 32.1(A).

_____

Heshimo Carr, a Colorado prisoner proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint.[1] Because Carr's arguments are either meritless or waived, we affirm.

## Background

Carr's suit stems from an injury he sustained in September 2023 at Crowley County Correctional Facility. Carr alleges that after picking up his medication from an outdoor medical unit, he turned toward a set of stairs and tripped over a one-to-two inch "rise" placed in front of the first step down. R. 65. According to Carr, he then tumbled headfirst down four or five stairs and into a sharp metal fence, was knocked unconscious, broke his knee, and suffered head lacerations from the fence spikes.

Based on this incident, Carr filed a complaint seeking injunctive, declarative, and monetary relief for asserted violations of the Eighth Amendment, due process, equal protection, and state law. He named a wide variety of defendants, including the state of Colorado, the Colorado Department of Corrections (CDOC), various state and prison officials in their official and individual capacities, and CoreCivic, Inc., the private company that runs the facility. An assigned magistrate judge granted Carr's motion to proceed in forma pauperis (IFP) and screened his complaint for frivolousness, failure to state a claim, and immune defendants. *See* 28 U.S.C.

---

[1] We liberally construe Carr's pro se filings, but we do not act as his advocate. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023).

§ 1915(e)(2). After the magistrate judge issued an order directing Carr to amend his complaint due to pleading deficiencies, he filed an amended complaint.

The magistrate judge recommended dismissing Carr's amended complaint in part under § 1915(e)(2)(B)(iii) based on Eleventh Amendment immunity and in part under Federal Rule of Civil Procedure 41(b) for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8. On immunity, the magistrate judge explained that Colorado was immune under the Eleventh Amendment, that the named state officials were similarly immune in their official capacities from claims for monetary or other retrospective relief, and that no exceptions applied. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021).

Turning to the remaining claims, the magistrate judge recommended dismissing Carr's Eighth Amendment claim because the defective step was not sufficiently serious to rise to the level of a constitutional deprivation and Carr failed to allege specific facts showing that any defendant knew of and affirmatively disregarded the risk created by the defective step. *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (setting out two-part test for Eighth Amendment claims and holding that risk of slipping in standing water in prison was not "'sufficiently serious' to implicate constitutional protection" (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001))). The magistrate judge relatedly ruled that any Eighth Amendment claim against CoreCivic failed in the absence of any underlying constitutional violations committed by its employees or contractors. *See Dubbs v.*

3

*Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (stating that traditional municipal-liability principles apply to private § 1983 defendants); *Crowson v. Wash. Cnty. Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020) (noting that "ordinarily there will be a municipal violation only where an individual officer commits a constitutional violation").

Regarding the due-process claim, the magistrate judge found that Carr failed to show he was deprived of a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (explaining that constitutional due-process interests in prison context are typically limited to being free from any restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). In addition, the magistrate judge recommended dismissing Carr's equal-protection claim because he did not explain how he was treated differently from similarly situated prisoners. *See Brown v. Montoya*, 662 F.3d 1152, 1172–73 (10th Cir. 2011). And having recommended dismissing all federal claims, the magistrate judge recommended declining to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3).

The district court overruled Carr's objections to the magistrate judge's recommendations and, reviewing de novo, adopted those recommendations in full. It accordingly dismissed Carr's claims without prejudice under § 1915(e)(2)(B)(iii) and under Rule 41(b) for failure to comply with Rule 8 and entered judgment for defendants. It later denied Carr's motion for reconsideration and rejected Carr's request to file a second amended complaint.

Carr appeals.[2]

## Analysis

Carr challenges the district court's order dismissing his complaint. We review the immunity ruling de novo. *Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1131 (10th Cir. 2001). We review the dismissal under Rule 41(b) for failure to comply with Rule 8 for abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).

Carr first contends that the district court ignored his objections to the magistrate judge's recommendation. The record belies this contention: the district court specifically acknowledged Carr's objections and plainly stated that it would review the magistrate judge's recommendation de novo.[3] Carr further argues that his claims were "not viewed in [the] most favorable light for [an] indigent [p]ro [s]e" litigant. Aplt. Br. 2. Yet the record belies this point as well: the magistrate judge acknowledged the duty to liberally construe Carr's complaint because he was not represented by an attorney. *See Greer*, 83 F.4th at 1292; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed

---

[2] Because the district court dismissed the entire action, not just Carr's complaint, we have appellate jurisdiction under 28 U.S.C. § 1291. *See Mobley v. McCormick*, 40 F.3d 337, 339–40 (10th Cir. 1994) ("[A] dismissal of the entire action is ordinarily final.").

[3] To the extent that Carr challenges the magistrate judge's involvement overall, federal statute specifically authorizes a district court to designate a magistrate judge to handle pretrial matters and to issue proposed recommendations. *See* 28 U.S.C. § 636(b).

liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

Carr also suggests that the district court erred when it acted sua sponte to dismiss his action under Rule 41(b). And to be sure, the rule states that "[i]f the plaintiff fails . . . to comply with these rules or a court order, *a defendant may move to dismiss* the action or any claim against it." Fed. R. Civ. P. 41(b) (emphasis added). But this language "has long been interpreted to permit courts to dismiss actions sua sponte," without a party's motion. *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). So the district court did not err on this basis.

Next, Carr broadly claims that the district court "misapplied statute, law, and [the] Constitution." Aplt. Br. 2. In the same conclusory vein, he states that his complaint satisfied Rule 8 and that the court dismissed the individual-capacity claims in error. But, aside from adding a new theory for his equal-protection claim,[4] Carr does not explain how the court erred in either its immunity ruling or its Rule 8 analysis. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). We accordingly decline to consider Carr's inadequately presented arguments. *See Nixon*, 784 F.3d at 1368; *Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th

---

[4] For the first time on appeal, Carr suggests that he was discriminated against because other prisoners who needed medications were sent to the facility's main medical building, which did not have the defective step and fence. We decline to consider this new theory that was not presented to the district court. *See Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993).

Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived.").

Finally, Carr argues that the district court erred by dismissing his complaint rather than allowing him to amend it a second time. "[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may deny this opportunity where amendment would be futile because "the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. v. Moody's Inv'r's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). That is exactly what the district court found here, and Carr fails to explain why that conclusion was an abuse of discretion. Nor does he offer any additional facts he would allege in an amended complaint that would overcome the bases for the district court's dismissal.

## Conclusion

Because Carr's arguments on appeal either fail on their merits or are inadequately briefed, we affirm the district court's dismissal. We grant Carr's motion to proceed IFP on appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge

7