**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 12, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

NEAL PATRICK O'FLAHERTY;
DYLAN KEITH O'FLAHERTY,

　　Plaintiffs - Appellants,

v.

UNITED STATES MARSHALS
SERVICE; NEW MEXICO STATE
POLICE; TORRANCE COUNTY
SHERIFF'S DEPARTMENT; SEVENTH
JUDICIAL DISTRICT ATTORNEY'S
OFFICE; TORRANCE COUNTY; STATE
OF NEW MEXICO; JOSE MARTIN
RIVERA; K.R. BALLARD; CLINT
WELLBORN; ADAM GARCIA; PAUL
VELEZ; MANUEL WILLIAM
SIGARROA,

　　Defendants - Appellees.

No. 24-2116
(D.C. No. 1:23-CV-00389-KWR-GJF)
(D.N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Neil and Dylan O'Flaherty, proceeding pro se, appeal the district court's order dismissing their complaint.[1] Because the O'Flahertys fail to offer any meaningful challenge to the district court's reasoning, we affirm.

**Background**

The O'Flahertys filed this action against various law-enforcement agencies and officers based in part on a May 2021 incident in which officers entered the O'Flahertys' New Mexico home and arrested Dylan. They asserted state-law tort claims and federal claims under a terrorism-reporting statute, a racketeering statute, and 42 U.S.C. § 1983.

A magistrate judge granted the O'Flahertys' motion to proceed in forma pauperis and ordered them to show cause why the court should not dismiss their claims for lack of jurisdiction or failure to state a claim and to file an amended complaint. In response, the O'Flahertys filed an amended complaint largely asserting the same claims. After issuing several more show-cause orders alerting the O'Flahertys to various deficiencies in their claims, the district court ultimately dismissed the action.

It first determined that the O'Flahertys failed to state a claim under 22 U.S.C. § 2656f(d)(2) because that provision merely defines "terrorism" for purposes of the Secretary of State's duty to transmit annual terrorism reports and does not create a private right of action. The district court also dismissed the racketeering claims,

---

[1] We liberally construe the O'Flahertys' pro se filings, but we do not act as their advocate. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023).

explaining that the O'Flahertys failed to identify any predicate criminal offenses. *See* 18 U.S.C. § 1961.

Next, the district court turned to the O'Flahertys' § 1983 claims. It dismissed such claims against New Mexico and the New Mexico State Police for lack of subject-matter jurisdiction, reasoning that these government entities were entitled to sovereign immunity.[2] *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180–81 (10th Cir. 2002). It relatedly concluded that the district attorney was entitled to prosecutorial immunity. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1208 (10th Cir. 2022). The district court next reasoned that the O'Flahertys failed to state a § 1983 claim against the Torrance County Sheriff's Department (because it is a governmental sub-unit that could not be sued on its own) or against Torrance County (because the O'Flahertys failed to allege a custom or policy that was the moving force behind the alleged constitutional violations). *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985). Last, the district court dismissed the claims against the defendants sued in their individual capacities because the O'Flahertys failed to provide addresses where these individual defendants could be served, despite having several opportunities to do so.[3] *See* Fed. R. Civ. P. 4(m).

---

[2] The district court reached the same immunity conclusion as to any claims asserted against the U.S. Marshals Service and against one marshal in his official capacity.

[3] This dismissal was without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. But to the extent that the dismissal functioned as a dismissal with prejudice based on the running of the statute of limitations, the district court determined such a result was warranted based on the O'Flahertys' failure to comply with multiple court orders to provide addresses for service. *See Olsen v.*

3

Having dismissed all federal claims, the district court declined to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). The O'Flahertys appeal, challenging the dismissal of their claims.[4]

## Analysis

We review the district court's immunity and failure-to-state-a-claim rulings de novo. *Conforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1131 (10th Cir. 2001); *Trujillo v. Williams*, 465 F.3d 1210, 1215–16 (10th Cir. 2006). To the extent the district court dismissed some claims under Rule 41(b), our review is for abuse of discretion. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161–62 (10th Cir. 2007).

But on appeal, the O'Flahertys fail to challenge the district court's various rationales for dismissing their claims. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."); *Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived."). For instance, although the O'Flahertys broadly contend that their

*Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (identifying criteria courts should consider when dismissing an action with prejudice under Rule 41(b), such as interference with judicial process and efficacy of lesser sanctions).

[4] The district court granted the O'Flahertys' motion to proceed IFP on appeal. Additionally, we abated this appeal while the district court considered the O'Flahertys' postjudgment motion to file an amended complaint. Construing the motion as one for relief from a final judgment under Federal Rule of Civil Procedure 60(b), the district court denied it, noting that the O'Flahertys had "ample opportunity" to amend their complaint and respond to orders to show cause. R. 148.

complaint included a "sufficient level of detail to provide notice" of their claims to the defendants, they provide no argument in support of that statement. Aplt. Br. 1. And in purporting to challenge the district court's jurisdictional rulings, they cite only a statute concerning venue.[5] *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2016) (explaining that "[v]enue is largely a matter of litigational convenience," while "[s]ubject[-]matter jurisdiction . . . concerns a court's competence to adjudicate a particular category of cases"). Under these circumstances, we decline to consider the O'Flahertys' inadequately presented arguments and conclude that they waived any challenge to the district court's rulings. *See Nixon*, 784 F.3d at 1368–69; *Becker*, 494 F.3d at 913 n.6.

The O'Flahertys also argue the district court failed to provide them with the "standard 21-day period in which to correct and amend deficiencies." Aplt. Br. 3. But that is flatly incorrect—the district court allowed the O'Flahertys to file an amended complaint and issued four show-cause orders directing them to correct various deficiencies. Granting further opportunity to amend is "within the discretion of the [d]istrict [c]ourt," and the district court did not abuse that discretion here. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[5] The O'Flahertys' citation to *Barnes v. Zacarri*, 669 F.3d 1295 (11th Cir. 2012), in an addendum to their opening brief is equally unpersuasive. That out-of-circuit case broadly held that a university administrator was not entitled to qualified immunity on an expelled student's due-process challenge and that the university's board of regents was entitled to sovereign immunity. *See id.* at 1298. The O'Flahertys fail to explain *Barnes*'s application here, and we can see no relevance.

**Conclusion**

Because the O'Flahertys fail to challenge the district court's rulings and because the district court did not abuse its discretion in denying further leave to amend, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge